Henry LYLES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21782.

United States Court of Appeals Fifth Circuit.

May 25, 1965.

See also 5 Cir., 341 F.2d 917.

C. D. Towers, Jr., Jacksonville, Fla., for appellant.

James O. Murphy, Jr., Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and RIVES and BELL, Circuit Judges.

RIVES, Circuit Judge:

This appeal is from the denial, without a hearing, of a prisoner's motion to correct, vacate, or modify sentence under 28 U.S.C. § 2255. The appellant, along with his codefendant, John Henry Hall, was convicted under a two-count indictment for violation of 18 U.S.C. § 2114.[1] The first count alleged that the

---

1. "§ 2114. *Mail, money or other property of United States*

"Whoever assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

defendants assaulted and robbed a postal clerk, and the second count alleged that, in so doing, they wounded him. Lyles was convicted on both counts and given the sentence of 25 years required by the statute under the second count. At his trial, Lyles was represented by appointed counsel. No appeal was taken from his conviction.

In his *pro se* petition, Lyles alleged, as he had in two previous 2255 motions, that there was no evidence that he had wounded the postal clerk and that, on the contrary, the record was unequivocal that it was codefendant Hall who actually did the wounding. Lyles' appointed appellate counsel properly has abandoned this point. The jury could have inferred that Lyles was within the proscription of 18 U.S.C. § 2.[2] There is by no means any such total lack of evidence to support the conviction under Count 2 as to raise a due process issue. See Thompson v. City of Louisville, 1960, 362 U.S. 199, 206, 80 S.Ct. 624, 4 L.Ed. 2d 654; Grundler v. State of North Carolina, 4 Cir. 1960, 283 F.2d 798, 801.

A second ground for relief raised by Lyles in his *pro se* petition was that he was not afforded the effective assistance of counsel.

The district court, after reviewing the trial transcript, found:

" * * * that Petitioner's counsel extensively cross-examined the Government's witnesses, and on the Petitioner-Defendant's case called character and alibi witnesses, and thereafter when the Defendant-Petitioner took the stand on his own behalf, interrogated him at length in an attempt to show his innocence * * *. In short, the conduct of Defendant-Petitioner's counsel at trial was that of a skillful and experienced lawyer."

Lyles' appointed appellate counsel also abandoned, for the most part, the "effective assistance of counsel" argument, and properly so. See Rivera v. United States, 9 Cir. 1963, 318 F.2d 606, 608.

In addition, present counsel relies on Pate v. Holman, 5 Cir., 1965, 341 F.2d 764, on rehearing, March 31, 1965, ms., to contend that Lyles' right to appeal was so frustrated as to justify relief. In his petition, Lyles alleged that his "court-appointed counsel failed to advise the petitioner of his right to file Notice of Appeal in forma pauperis. Mr. Porter [the appointed counsel] advised petitioner that it would cost about $500 to file and perfect an appeal of his 25 years (sic) sentence. * * * Mr. Porter knew the defendant-petitioner was indigent and unable to employ counsel of his own choosing. Likewise, the trial court was aware of that fact also * *."

It is settled that an indigent in federal court must be afforded counsel on appeal from a judgment of conviction, unless it is judicially determined that his appeal is frivolous.[3] Just as it has been held to be a concomitant of the right to counsel at trial that one is entitled to be apprised of that right,[4] it would seem to be a concomitant of the right to counsel on appeal that one be apprised of that right. Lyles alleges, in effect, that he was affirmatively misled— not merely passively uninformed—of his rights under 28 U.S.C. § 1915 by the counsel appointed to serve him. If that be true, then by analogy to the holding in Pate v. Holman, supra, his right to

2. "§ 2. *Principals*
"(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
"(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

3. Johnson v. United States, 1957, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593; Ellis v. United States, 1958, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060.

4. See Carnley v. Cochran, 1962, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70; United States ex rel. Durocher v. LaVallee, 2 Cir. 1964, 330 F.2d 303, 308.

appeal was so frustrated as to entitle him to relief under § 2255.[5]

■■■ The appropriate relief, as in-indicated in Pate, would be to afford review of his judgment of conviction as adequate as if Lyles had appealed. In the instant case, this would mean a remand to the district court. There he would first have a hearing on his allegations concerning the frustration of his right to appeal. This hearing would consider, in general, the circumstances of Lyles' failure to appeal his conviction in the first instance. If it were found that he was affirmatively misled into missing the opportunity to appeal or if a denial of his right to appeal under § 1915 was otherwise made out, he should then be allowed to attack first in the district court his original conviction as if on direct appeal. Lyles would be entitled to the assistance of counsel in presenting both the preliminary question concerning his original failure to appeal and the ultimate question of his specific attacks on the original conviction. See Dillon v. United States, 9 Cir. 1962, 307 F.2d 445; Juelich v. United States, 5 Cir. 1965, 342 F.2d 29. The party aggrieved by the decision of the district court would, of course, have the right provided by statute to appeal to this Court.[6]

Reversed and remanded.

---

5. Note that Fed.R.Crim.P. 37(a) (2) provides that "[w]hen a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant." Thus, if Lyles had no counsel, there would be an affirmative duty upon the trial court to inform him of his right to appeal. Here, where his counsel was appointed by the court, it would seem that that duty was transferred to the appointed counsel and that the latter's dereliction, if proved, would be enough to entitle Lyles to relief.

6. It may be noted that if the defendant had filed a notice of appeal from his judgment of conviction claiming that he had not been advised of his right to appeal, or had been misled as to that right, the procedure would be slightly different. Boruff v. United States, 5 Cir. 1962, 310 F.2d 918, 921–22; followed in Hannigan v. United States, 10 Cir. 1965, 341 F.2d 587–88.