**Selma Herbert CAMP, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 22280.**

United States Court of Appeals
Fifth Circuit.

Nov. 16, 1965.

No appearance for appellant.

James H. Walsh, Bernard Jackman, Asst. U. S. Attys., Edward F. Boardman, U. S. Atty., James H. Walsh, Asst. U. S. Atty., for appellee.

Before JONES and BELL, Circuit Judges, and JOHNSON, District Judge.

GRIFFIN B. BELL, Circuit Judge.

Two consecutive sentences of five and two years were imposed on appellant for transporting a woman in interstate commerce for the purpose of prostitution in violation of Title 18, § 2421. He was represented by retained counsel and was sentenced on November 27, 1963. On August 24, 1964, he filed a motion to vacate, modify or correct his sentences under Title 28 U.S.C.A. § 2255. His grounds went only to the sufficiency of the evidence. On October 12, 1964 he filed a supplemental petition in which he alleged in effect that his retained counsel failed through fraud and deceit to appeal his case. His motion, as supplemented, was denied without a hearing. The District Court held that the files and record of the case showed conclusively that appellant was entitled to no relief. The court was correct insofar as the original motion was concerned but the supplemental motion is quite another matter.

It is now settled that an appeal from the judgment of a federal District Court in a criminal case is a matter of right. Coppedge v. United States, 1962,

369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21. It is also settled that the sentencing court has discretion to ascertain whether a petition under § 2255 presents a substantial question before granting a full evidentiary hearing. Sanders v. United States, 1963, 373 U.S. 1, 20–21, 83 S.Ct. 1068, 10 L.Ed.2d 148; and Moore v. United States, 5 Cir., 1964, 334 F.2d 25. With these fundamentals in mind we proceed to a consideration of the question presented by the supplemental motion.

In Boruff v. United States, 5 Cir., 1962, 310 F.2d 918, we held that an indigent criminal defendant's right to counsel extended through the period for taking an appeal. Then in two recent state prisoner habeas corpus cases we gave effect to the federal constitutional right to appellate counsel for indigents. Douglas v. People of State of California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811. See Pate v. Holman, 5 Cir., 1965, 341 F.2d 764, modified on rehearing, 343 F.2d 546; and Edge v. Wainwright, 5 Cir., 1965, 347 F.2d 190. We considered the same question in a case involving a federal prisoner in Lyles v. United States, 5 Cir., 1965, 341 F.2d 917. There we remanded for a determination by the District Court of whether the indigent appellant's right to appeal had been frustrated. On the second appearance of the case, we pointed out that an indigent in federal court must be afforded counsel on appeal from a judgment of conviction unless it is judicially determined that his appeal is frivolous. 346 F.2d 789. We reversed the denial of relief without a hearing by the District Court. A hearing on remand was ordered on the allegation that appointed counsel misled appellant as to his right to counsel on appeal. The appellant in each of these cases was an indigent at the time in question. Thus they are not apposite as authorities for the position urged by the appellant here for he was represented by employed counsel of his choice.

We have not in fact had such a question squarely before us although the standard required of employed counsel in a criminal case was set out in Kennedy v. United States, 5 Cir., 1958, 259 F.2d 883. It was and is that a defendant is bound by the acts of his counsel unless misconduct of counsel amounting to a breach of his legal duty to faithfully represent his client's interest is alleged and proven. It seems to us that this is another way of saying what the Court of Appeals for the Sixth Circuit has said: that appellant will be entitled to his out of time appeal if, and only if, he is able to show that his employed counsel failed through fraud or deceit to appeal. This rule is based on the inherent power of a federal court to investigate whether a judgment was obtained by fraud. Calland v. United States, 7 Cir., 1963, 323 F. 2d 405. We adopt this rule and hold that apellant was entitled to a hearing on his contention that his trial counsel failed to appeal because of fraud or deceit.

Appellant does not use the terms "fraud" or "deceit" in his motion but as the Supreme Court stated in Sanders, supra, a movant in a proceeding by way of habeas corpus or under § 2255 "[should] not be held to the niceties of [a] lawyer's pleadings." Appellant does rely specifically on the Calland case and it is based on fraud or deceit. He also alleges the pertinent facts and the question on remand will be whether they are proven, and if so, whether they show fraud or deceit. If not, the matter will terminate.

On the other hand, in the event fraud or deceit is shown, our decision in the second Lyles case, supra, 346 F.2d 789, 792, will be applicable.

" * * * if a denial of his right to appeal under § 1915 was * * * made out, he should then be allowed to attack first in the district court his original conviction as if on direct appeal. Lyles would be entitled to the assistance of counsel in presenting both the preliminary question concerning his original failure to appeal and the ultimate question of his specific attacks on the original

conviction. * * * The party aggrieved by the decision of the district court would, of course, have the right provided by statute to appeal to this Court."

Reversed and remanded for further proceedings not inconsistent herewith.