**Roy Lee BRAY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 23343.**

United States Court of Appeals
Fifth Circuit.

Dec. 22, 1966.

No formal appearance entered for appellant.

Tyrus R. Artkinson, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before RIVES, BELL and THORNBERRY, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

Appellant was convicted by a jury on a three-count indictment charging him, respectively, with transporting two different automobiles in interstate commerce in violation of 18 U.S.C.A. § 2312, and with receiving one of the automobiles in violation of 18 U.S.C.A. § 2313. He was sentenced to three years on December 3, 1963. He was represented at his trial and at the time of sentencing by retained counsel. No motion for new trial was filed, no appeal was taken.

On June 15, 1965 appellant filed a motion for relief under 28 U.S.C.A. § 2255. The court granted a plenary hearing on the motion and appointed appellant's retained counsel at the trial to represent him on the hearing. The essence of his motion is that two witnesses testified falsely and that the foreman of the jury was prejudiced.

The court heard evidence, considered briefs, and even went to the extent of reviewing the sufficiency of the evidence on the trial. An order was entered on October 13, 1965 denying the motion in all respects. We have carefully considered the record on the hearing and on the original trial and have reached the firm conclusion that the motion should have been denied. The matter would ordinarily end with an affirmance at this point but there is more.

The issue of real substance arises from a subsequent motion filed by appellant on December 6, 1965, labelled a "motion for leave to proceed in forma pauperis." By this time appellant was again without counsel. The court treated this motion as being in the nature of a § 2255 motion and also as being a notice of appeal. A new ground for relief raised for the first time therein, to be hereinafter considered was denied. The court granted leave to appeal in forma pauperis and directed the clerk to assist appellant in preparing and filing a notice of appeal.

The new ground for relief urged was that appellant had been denied his right to direct appeal from the judgment of December 3, 1963 by reason of the failure of his counsel to inform him of the fact that he could appeal as an indigent without cost and that he was entitled to appointed counsel. He did not specifically allege fraud or deceit on the part of his retained counsel. He did, however, base his position on Camp v. United States, 5 Cir., 1965, 352 F.2d 800, stating that he had become acquainted with Mr. Camp in the penitentiary and felt that his case was controlled by the Camp case. The District Court construed his motion as invoking the Camp holding, and thus as alleging fraud and deceit on the part of counsel.

The court denied a hearing on the Camp contention because its prior plenary hearing and review of the trial record was tantamount to any review which would have been indicated if appellant had moved for a new trial, and up to the point of an appeal. The court was of the view that nothing more could be done in the District Court and that appellant's right to appeal could be vindicated by the present appeal.

Appellant then asked this court to remand the case to the District Court for an evidentiary hearing on his Camp contention. We denied that application, and later denied his request for the appointment of counsel to represent him on this appeal.

In the Camp case the District Court denied a § 2255 motion based on a claim that Camp's retained counsel failed through fraud and deceit to appeal his case. The motion was denied without a hearing. This court was of the view that the factual allegations required reversal for a hearing on the claim of fraud and deceit. The question on remand was to be whether the claim could be proven. If not, the matter would terminate. If so, then Camp would be entitled to have his conviction treated in the District Court as if on direct appeal. The procedure set

out in Lyles v. United States, 5 Cir., 1965, 346 F.2d 789 would be applicable. This, in effect, allows an out of time motion for new trial and appeal. It also makes appointed counsel available for presenting the claim of fraud and deceit, and, if successful, on the ultimate attack on the conviction.

■■ Our view there stemmed from two settled principles of law. An appeal from the judgment of a federal District Court is a matter of right. Coppedge v. United States, 1962, 369 U.S. 438, 82 S. Ct. 917, 8 L.Ed.2d 21. An indigent criminal defendant's right to counsel extends through the period for taking an appeal. Boruff v. United States, 5 Cir., 1962, 310 F.2d 918.

■ Having these principles in mind, it becomes clear that the judgment of the District Court must be vacated for further proceedings in the District Court. Otherwise, assuming that appellant can prove the claim of fraud and deceit on the part of his retained counsel, he has lost the right to representation by appointed counsel on a possible motion for new trial and on an appeal.

This case has involved an unravelling process. Once unravelled, it is apparent that the thorough hearing and review already afforded appellant on his § 2255 motion does not suffice as an answer to his right to counsel on direct appeal including any motion for new trial. While the review may have been as broad as the review on a motion for new trial, it was not considered as a motion for new trial by the court or counsel. Our review now could be as broad as that due on a direct appeal but appellant is without counsel. The only satisfactory procedure is to remand for consideration in the first instance of the question whether appellant can sustain his claim of fraud and deceit on the part of his counsel.

The appeal is affirmed as to the issues raised in the § 2255 motion. The judgment is vacated to the extent of remanding the case to the District Court for a hearing on the contention of fraud and deceit on the part of counsel, and for such other proceedings as may be consistent with the determination made on that issue.

Affirmed in part; vacated in part; remanded for further proceedings not inconsistent herewith.