James Walter **BREWEN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23798.

United States Court of Appeals
Fifth Circuit.

March 31, 1967.

---

5. Notes of Testimony 184–85.

Paul Frederick Rothstein, Joel J. Finer, Austin, Tex., James Walter Brewen, in pro. per., for appellant.

Bailey F. Rankin, Asst. U. S. Atty., Dallas, Tex., Melvin M. Diggs, U. S. Atty., for appellee.

Before BELL and GODBOLD, Circuit Judges and NOEL, District Judge.

BELL, Circuit Judge.

Appellant sought an out of time appeal in the District Court through the medium of a motion filed under 28 U.S. C.A. § 2255 to vacate the judgment and sentence theretofore imposed upon him. The judgment of conviction was based on an indictment charging interstate transportation of a forged security in violation of 18 U.S.C.A. § 2314. It was entered on a jury verdict of guilty, and sentence was imposed on October 9, 1962.[1]

A good portion of appellant's time since that date has been spent in attempting to appeal his case. The question presented turns one way or another on the right to counsel on appeal.

It is settled that an appeal from the judgment of a federal District Court is a matter of right. Coppedge v. United States, 1962, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21. It is also settled that an indigent criminal defendant's right to counsel extends through the period for taking an appeal. Miller v. United States, 5 Cir., 1966, 356 F.2d 63; Boruff v. United States, 5 Cir., 1962, 310 F.2d 918. On the other hand, a criminal defendant with retained counsel must look to his counsel for guidance in taking the appeal. His right of appeal is lost by a failure to timely file a notice

---

1. Appellant's wife was also convicted. She has served her sentence.

of appeal unless he can establish that he lost his right to appeal through the fraud and deceit of his retained counsel. Camp v. United States, 5 Cir., 1965, 352 F.2d 800; Bray v. United States, 5 Cir., 1966, 370 F.2d 44. The fraud and deceit of counsel referred to in these cases, as we noted in *Camp*, is established when it is shown that retained counsel has breached his legal duty to faithfully represent the defendant.

The facts of this case demonstrate that appellant was represented on his trial by retained counsel. His counsel told him that there were substantial grounds for an appeal and that he would appeal the case upon being paid a fee and also upon receiving an advance for costs. The fee was never paid, no costs were advanced, and no notice of appeal was filed by counsel.

The following letters add light to what transpired during the critical period. The first is an undated letter from appellant and his wife to the sentencing judge. It is undisputed that it was mailed while appellant was confined to the Dallas County jail between October 9, 1962, the date of sentence, and October 27, 1962, the date he was transferred to the federal penitentiary. The letter follows:

"Would you please tell us if our Attorney * * * has appealed our case the Number LR-62-Cr-139; I haven't been able to get in contact with him, and he promised us he would.

"We would like to appeal, and would you please set us an appeal bond, as my wife's mother is coming to try and make a bond for us.

"Would you send a letter to each of us to what has been done about our appeal it would be greatly appreciated. Thank you very much."

The next letter is dated October 12, 1962 and was written by counsel for appellant to appellant's mother. It follows:

"On Tuesday, October 9, 1962, a trial was held in the United States District Court for the Northern District of Texas at Dallas. The results of that trial were that James and Lorene were found guilty as charged in the bill of indictment, and the Judge sentenced James to serve seven years in the federal penitentiary and gave Lorene a three year sentence.

"During the course of the trial, fortunately, a sufficient amount of error was committed by the Court that will, in all probability, enable the Appellate Court to reverse this decision. I have promised James and Lorene that I would proceed with this appeal and am in the process of doing so at this time. The difficulty in this matter is the fact that it will necessitate a certain amount of expense in order to perfect this appeal. I would like to suggest that you contact everyone that is directly interested in the welfare and future of these two young people so that an adequate amount of money can be raised for this proceeding.

"After giving this matter consideration, I would appreciate your either writing to me regarding the assistance that can be acquired or calling me at your convenience so that we can discuss this matter at length."

On October 29, almost immediately upon reaching the penitentiary, appellant wrote the District Court clerk in pertinent part as follows:

"Will you please tell us, if our attorney has appealed our case, I haven't been able to get in touch with him, * * *"

The clerk replied under date of November 1, 1962 as follows:

"We have checked the records and find that no notice of appeal has been filed in the above cause.

"A notice of appeal must be accompanied by a $5.00 filing fee or in lieu thereof permission from the Court to proceed under pauper's oath, however, as stated above a notice of appeal has not been filed."

Appellant thereupon sought help from the Department of Justice and also from the American Civil Liberties Union to no avail. He filed a complaint with the State Bar of Texas against his trial coun-

sel. He also sought the help of one of the members of this court through various letters. This activity culminated in the filing of the motion, the ruling on which is the subject matter of this appeal.

The District Court appointed counsel to represent appellant at the hearing on his motion. The evidence before the District Court was the correspondence above referred to, and the testimony of the lawyer who represented appellant on his trial. The lawyer's testimony was that he thought there were grounds for appeal and that he wanted to appeal the case but appellant failed to pay the fee or advance the cost and that, in fact, he was paid only $50.00 on a $1,500 fee for representing appellant and his wife on the trial.

The record discloses that the District Court issued the necessary order to have appellant available to testify as a witness in his own behalf. However, for some undisclosed reason, the court decided that his presence was unnecessary and he was not present. This information comes from the transcript of the proceedings wherein the Assistant United States Attorney stated that appellant's attorney was present but that the court had previously decided that it was not necessary for the defendant to be present.

The District Court denied relief on the basis that appellant had retained counsel who agreed to appeal contingent on the payment of a fee; no fee was paid; hence, appellant lost his right to appeal. He bolstered this finding by pointing to the letter from the clerk of November 2 telling appellant that no appeal had been filed and informing him how to appeal. It was, of course, then too late to appeal but the court felt that appellant should have asked for relief at the time. This was in answer to appellant's argument that his undated October letter to the court should be considered as a notice of appeal.

Thus the question narrows to one of loss of the right to appeal through lack of counsel. Appellant, as it turned out, had no counsel—retained or appointed.

It is at once apparent that the facts of this case may put it in an area somewhere between the *Camp* and *Bray* type case where the right to appeal is allegedly lost through the improper conduct of retained counsel, and the *Boruff-Miller* type situation where the defendant is an indigent and has not had counsel made available to him during the period for filing the notice of appeal. This area embraces those cases where the fee cannot be paid, or for some other excusable reason counsel is not finally employed and the time for filing the notice of appeal expires.

█ Here the District Court seems to have assumed that appellant was represented by retained counsel. The fact is that he negotiated with counsel but failed to retain him or at least counsel so testified. Appellant was not present to give his version of the story. There was no inquiry whatever into the question whether appellant was indigent during the critical period and entitled to have counsel made available to him. It was clear that appellant did not seek appointed counsel from the court. He did advise the court during or near the critical ten day period for filing notice of appeal that he wished to appeal and could not get in touch with his lawyer.

We do not now decide whether the court was under a duty to advise appellant of his right to appointed counsel upon the receipt of the letter. The first order of business should be to have a hearing with an opportunity for appellant to testify. He should have the services of court appointed counsel. If it is established that appellant was indigent during the time within which he could have appealed, the District Court should then determine under all of the circumstances whether he should have been advised of his right to counsel. If it develops that he was not indigent, then the court should determine whether his counsel breached his legal duty to faithfully represent him.

█ This may turn out to be the type of case where the right to appeal was lost

through no fault of the court, appellant or the lawyer with whom he was negotiating at the time but through a combination of circumstances in which there was no fault. It is to be remembered that the requirement that the notice of appeal be filed within ten days is to be liberally construed. Fallen v. United States, 1964, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760. Also appellant's conduct in waiting for such a great length of time to actually file for relief should be measured on remand against his many efforts, both immediately and over the years, to appeal.

We cannot decide these questions now. The record is incomplete. The case must be reversed and remanded to the District Court for a full and complete hearing. In the event the court should determine that an out of time appeal is proper, the original trial proceeding will be treated in the District Court as if on direct appeal. The procedure set out in Lyles v. United States, 5 Cir., 1965, 346 F.2d 789 would be applicable. This, in effect, allows an out of time motion for a new trial and appeal. Cf. Bray v. United States, supra.

Reversed and remanded for further proceedings not inconsistent herewith.