Peter SCHWANDER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 23701.

United States Court of Appeals
Fifth Circuit.

Oct. 27, 1967.

Peter Schwander, pro se.

John C. Ciolino, Asst. U. S. Atty., New Orleans, La., Louis C. LaCour, U. S. Atty., for appellee.

Before GEWIN, BELL and AINSWORTH, Circuit Judges.

GEWIN, Circuit Judge:

This is an appeal, in forma pauperis, from a denial of appellant's § 2255 motion after a hearing by the United States District Court for the Eastern District of Louisiana. Appellant was represented by counsel at every stage of the proceedings below. He was convicted by a jury on three counts which charged him and a co-defendant with possession of a sawed-off shotgun[1] in violation of the National Firearms Act, 26 U.S.C. § 5851.[2] Count one charged illegal possession of a firearm under § 5851 which had been transferred without payment of a transfer tax by either defendant as required by 26 U.S.C. § 5811. Count two charged illegal possession under § 5851 of a firearm not transferred in pursuance of a written order from either defendant as required by 26 U.S.C. § 5814. Count three charged illegal possession under § 5851 of a firearm not registered with the Secretary of the Treasury as required by 26 U.S.C. § 5841. The sentence was (1) five years on count one, (2) one year on count two, to run consecutively to the sentence imposed on count one, and (3) one year on count three, to run concurrently to the sentence imposed in count one. No direct appeal was taken. In the circumstances of this case we have concluded that appellant did not receive the assistance to which he was entitled in seeking to appeal and that the record reveals that the treatment he received does not comport with the standard of fair procedure required by the decision in Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Accordingly, we reverse.

In his motion in the district court made pursuant to 28 U.S.C. § 2255, appellant alleged that he was denied due process because of (1) the failure of the court to inform him of the time in which he could appeal, (2) the ineffective assistance of counsel, and (3) the failure of counsel to follow his instructions to perfect an appeal. New counsel was appointed to represent appellant, but after several continuances had been granted, private counsel was retained. Counsel then filed a supplemental motion under § 2255 to vacate the sentences. The grounds alleged were (1) the sentences were illegal because of the provision that they commence after the expiration of any state court sentence, (2) his court-appointed counsel failed to take an appeal as requested, and (3) the statute under which appellant was convicted is unconstitutional

---

1. The precise description was "a 410 gauge under shotgun having a barrel length of less than eighteen inches and an overall length of less than twenty-six inches."

2. "§ 5851 Possessing firearms illegally
   It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 5811, 5812(b), 5813, 5814, 5844, or 5846, of which has at any time been made in violation of section 5821, or to possess any firearm which has not been registered as required by section 5841. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury."

and violative of appellant's privilege against self-incrimination. The district court held a hearing and denied relief.

■ Anders v. State of California, supra, throws new light upon the duty of a court-appointed counsel to prosecute a first appeal from a criminal conviction. In that case appellant had been convicted of the felony of possession of marijuana. He sought to appeal and counsel was appointed for that purpose. However, after investigating the matter, counsel submitted a letter to the court in which he concluded there was no merit to the appeal. The appellant made known to the court his desire to file a brief of his own, and requested additional counsel. Counsel was denied, a pro se brief was filed, and the conviction was affirmed.[3] A subsequent habeas corpus petition was also denied in a brief, unreported memorandum decision. The Supreme Court held that California's action did not afford the fairness and equality required by the Fourteenth Amendment.[4] The court emphasized the principles followed in the federal courts that a defendant has a right to the advice of counsel when he challenges a certification that an appeal is not taken in good faith, Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 (1957), and that this representation must be that of an advocate rather than merely as *amicus curiae*. Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958). The court held that in order to comport with due process, counsel must first make a conscientious examination of the case, and if he finds that an appeal would be wholly frivolous, he then should notify the court and request to withdraw. The court laid down the following rule:

"That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned. * * * On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

■■ The pertinent facts in the instant case bring the appellant, Peter Schwander, within the scope of the decision in Anders v. State of California, supra. Sentence was imposed on Schwander on June 24, 1964, thus giving him until July 5, 1964, to file notice of appeal. Court-appointed counsel told Schwander's mother a day or so after sentencing that he felt there were no grounds for appeal. Mrs. Schwander also conferred with the court in an attempt to learn of the likelihood of a successful appeal. In addition, Schwander wrote numerous letters to both counsel and the court requesting that an appeal be taken. All these letters were placed in evidence.[5] The first letter from Schwander to the court was

---

3. People v. Anders, 167 Cal.App.2d 65, 333 P.2d 854 (1959).

4. The system used by California for handling indigent appeals is described in the case of In re Nash, 61 Cal.2d 491, 39 Cal. Rptr. 205, 393 P.2d 405 (1964).

5. The letters received by the court were as follows:

    Letter undated, envelope postmarked July 10, 1964.

    Letter dated August 21, 1964, received August 24, 1964.
    Letter dated August 30, 1964, postmarked September 1, 1964.
    Letter dated September 23, 1964.
    Letter undated delivered by Mrs. Schwander by hand on September 24, 1964.
    Letter dated "Wed. 13, 64," postmarked and received October 15, 1964.
    Letter dated October 19, 1964, and postmarked October 20, 1964.

not dated, but the envelope was postmarked July 10, 1964.[6] In this letter Schwander clearly stated his desire to appeal.[7] The record clearly shows that the appellant discussed the matter of an appeal with his court-appointed counsel at or about the time of sentencing. Moreover, it is also clear that his mother discussed the appeal with the trial judge shortly after the sentence was imposed. The Judge sent her to see court-appointed counsel, and she said she went to see counsel and discussed and requested him to take an appeal three days after sentence. Counsel refused to do so.

In this case the constitutional requirement of adequate representation and fair procedure with respect to the appeal were not attained. See Swenson v. Bosler, 386 U.S. 258 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); Crawford v. Beto, 383 F.2d 604 (5 Cir. 1967). Counsel did not act as an active advocate in behalf of his client. Court-appointed counsel's mere conclusion that there was no merit in an appeal denied Schwander an appeal of his case. Counsel filed no brief, nor provided Schwander any help in taking an appeal. Even had counsel been correct in his conclusion that there was no merit in an appeal the requirements of Anders v. State of California, supra, would not have been met. The fact that counsel acted conscientiously in deciding that there was no merit in the appeal does not alleviate the situation or authorize a different result. In Anders the court assumed that counsel had acted conscientiously.[8] Here, however, a very real and valid attack does exist on the constitutionality of the statute under which appellant was convicted. In deference to trial counsel much (but not all) of the confusion in this area has arisen since counsel's "no merit" conclusion.

A consideration of the interesting recent history of the National Firearms Act makes it clear that there would be merit in an appeal by Schwander. In 1962 in the case of Russell v. United States, 306 F.2d 402 (9 Cir. 1962), § 5841 of the Act requiring registration of

---

6. It should be noted here that the requirement that notice of appeal be filed within ten days is to be liberally construed. Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964). Also appellant's conduct in waiting more than ten days is to be measured against his many efforts to appeal both immediately and over the ensuing period. Brewen v. United States, 375 F.2d 285 (5 Cir. 1967). Here appellant asserts that his mother was unable to convey to him the fact that counsel did not feel there was any basis for an appeal until after the ten day period was up because of illness and the policy of Parish Prison that prisoners are not allowed to make outside calls except to the hospital, and visitors are only allowed on Sundays.

7. The letter reads as follows:
"Your Honor,
I am writing to you in regards to an appeal of my recent conviction. The attorney appointed by the court still hasn't visited me, although I requested him to appeal my case.
Please advise me in this matter.
Thank you
Peter James Schwander
531 So. Broad St.
Parish Prison
City"

8. In Anders the Supreme Court framed the question to be decided as follows:
"We are here concerned with the extent of the duty of a court appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal."
In Anders counsel for the appellant wrote the District Court of Appeal stating:
"I will not file a brief on appeal as I am of the opinion that there is no merit to the appeal. I have visited and communicated with Mr. Anders and have explained my views and opinions to him. * * * [H]e wishes to file a brief in this matter on his own behalf."
In this case this court does not intend any suggestion that appellant's counsel or any other person involved in the case was either incompetent or unethical.

firearms as defined in the act was held unconstitutional in that it violated the self-incrimination provision of the Fifth Amendment. Subsequent to the time that Russell was alleged to have committed the offense, the statute was amended [9] and has since been upheld numerous times on the basis that now the offense charged is possession through § 5851 and not failure to register as it had been formerly.[10] In the case of Lovelace v. United States, 357 F.2d 306 (5 Cir. 1966) this court recognized the same distinction, but did not find it necessary to pass directly upon the constitutionality of § 5851. In the Lovelace case the indictment charged possession of a firearm " 'which had not been registered *by the defendant.*' " (Emphasis added).[11] This court held that in such a case, "The indictment by requiring proof that the defendant himself had not registered the gun has applied section 5851 in an unconstitutional manner." The court went on to say that:

> "It is the possession of a gun that no one has registered, not the failure by appellant to register, that is the essence of the offense with which appellant was charged in this case." Lovelace v. United States, 357 F.2d 306 (5 Cir. 1966) at page 308.

Count three of the instant case [12] is practically identical with the indictment in the *Lovelace* case, and would have to be reversed as an unconstitutional application of § 5851. In view of the fact that the sentence under count three was one year to run concurrently with the five year sentence imposed under count one, a reversal on this count alone would be of little or no benefit to appellant. However, the case of Haynes v. United States, 372 F.2d 651 (5 Cir. 1967) which upheld the constitutionality of § 5851 has been set for hearing by the Supreme Court, 388 U.S. 908, 87 S.Ct. 2130, 18 L.Ed.2d 1347. In addition, the Supreme Court has agreed to hear the question of the constitutionality of the federal wagering tax laws which are being attacked as abridging those appellant's privilege against self-incrimination.[13] This attack on the federal wagering tax is analogous to the situation under § 5811 in the instant case. All of this is merely illustrative of the fact that appellant's direct appeal would certainly not be wholly frivolous. A situation such as is presented here emphasizes the necessity of providing indigents the aid of an active advocate on appeal.

Adequate representation and fair process is not afforded when the thoroughness of review depends upon the

9. 72 Stat. 1428 (1958).

10. Haynes v. United States, 372 F.2d 651 (5 Cir. 1967); Castellano v. United States, 350 F.2d 852 (10 Cir. 1965); cert. den. 383 U.S. 949, 86 S.Ct. 1207, 16 L. Ed.2d 211 (1966); Taylor v. United States, 333 F.2d 721 (10 Cir. 1964); Frye v. United States, 315 F.2d 491 (9 Cir. 1963), cert. den. 375 U.S. 849, 84 S.Ct. 104, 11 L.Ed.2d 76 (1963); Starks v. United States, 316 F.2d 45 (9 Cir. 1963); Mares v. United States, 319 F.2d 71 (10 Cir. 1963); Sipes v. United States, 321 F.2d 174 (8 Cir. 1963), cert. den. 375 U. S. 913, 84 S.Ct. 208, 11 L.Ed.2d 150 (1963); United States v. Forgett, 349 F. 2d 601 (6 Cir. 1965), cert. den. 383 U.S. 926, 86 S.Ct. 929, 15 L.Ed.2d 845 (1966); Capooth v. United States, 238 F.Supp. 583 (S.D.Tex.1965); Hazelwood v. United States, 208 F.Supp. 622 (N.D.Cal. 1962).

11. The indictment read:
"That * * * James Willard Lovelace wilfully and knowingly did possess a firearm, that is a shotgun having a barrel length of 15⅝ inches, which had not been registered by the defendant with the Secretary of the Treasury or his delegates, as required by section 5841, Title 26 United States Code."

12. This count reads:
"* * * that the defendant knowingly, wilfully, and feloniously possessed a firearm * * * which had not been registered by either defendant with the Secretary of the Treasury or his delegate, as required by section 5841, U.S. Code Title 26 in violation of sections 5851, and 5861, Title 26 U.S.Code."

13. See calendar of hearings for weeks of October 9 and 16, 388 U.S. 908, 87 S.Ct. 2130, 18 L.Ed.2d 1347. United States v. Marchetti, 352 F.2d 848 (2 Cir.) and United States v. Grosso, 358 F.2d 154 (3 Cir.).

depth of the pocketbook. Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). It is settled that procedures are invalid "where the rich man, who appeals as of right, enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf, while the indigent * * * is forced to shift for himself." Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). In this case appellant made known to both the court and his court-appointed counsel the fact that he was desirous of appealing. Counsel informed him there was no merit in an appeal and did no more. Appellant persisted in his requests to appeal. Under such circumstances we must reverse the decision of the district court and remand the case to it in order to afford Schwander a review of his conviction on direct appeal as adequate as if he had appealed in the first instance. Lyles v. United States, 346 F.2d 789 (5 Cir. 1965) at 792. See also Brewen v. United States, 375 F.2d 285 (5 Cir. 1967); Bray v. United States, 370 F.2d 44 (5 Cir. 1966); Camp v. United States, 352 F.2d 800 (5 Cir. 1965).

Reversed and remanded.