Robert G. LeMASTER, Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 24524.

United States Court of Appeals Fifth Circuit.

Dec. 28, 1967.

Harry R. Jones, Jr., Houston, Tex., for appellant.

Lonny F. Zwiener, Robert E. Owen, Asst. Attys. Gen., Austin Tex., Crawford C. Martin, Atty. Gen., of Texas, George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. Lattimore, Howard M. Fender, Asst. Attys. Gen., Austin, Tex., for appellee.

Before TUTTLE and GEWIN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

This is an appeal from an order of the District Court dismissing appellant's petition for habeas corpus. Appellant has pursued and clearly exhausted all state remedies. He was convicted of robbery by assault, after having plead not guilty by reason of insanity, and was sentenced to serve from five to twenty years.

We are once again concerned with the extent of the duty of a court-appointed attorney to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal. LeMaster made known to his counsel (in the state court) that he was desirous of appealing from the state court conviction. Counsel informed him that there was no merit in an appeal and did no more. Subsequently, LeMaster made inquiry of the state judge concerning appeal and was informed that it was not incumbent upon a court-appointed attorney to appeal a case from the trial court. Nothing more was done and no appeal was filed. Concededly, there was no conscious waiver by LeMaster of the right of appeal. The pertinent facts bring the appellant within the scope of the decision of the Supreme Court in Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the decision of this Court in Schwander v. United States, 5 Cir., 1967, 386 F.2d 20.[1]

We must reverse the decision of the District Court and remand the case so that the District Court can enter an appropriate order affording LeMaster a review of his conviction on direct appeal as adequate as if he had appealed in the first instance. Schwander v. United States, 5 Cir., 1967, 386 F.2d 20; Lyles v. United States, 346 F.2d 789 (5 Cir. 1966); Pate v. Holman, 341 F.2d 764 (5 Cir. 1965).

Reversed and remanded.

1. It is noted that the order of the District Court denying the writ was issued prior to the decisions in these cases.