**Dr. George J. BETO, Director, Texas Department of Corrections, Appellant,**

v.

**Richard Allen MARTIN, Appellee.**

**No. 25282.**

United States Court of Appeals
Fifth Circuit.

May 14, 1968.

Rehearing En Banc Denied
July 1, 1968.

---

Thomas F. Keever, Asst. Atty. Gen., Houston, Tex., Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst. Robert C. Flowers, Asst. Atty. Gen., for appellant.

Jack Connell, Wichita Falls, Tex., Donald & Connell, Bowie, Tex., for appellee.

Before RIVES, BELL and GOLD-BERG, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

Martin, a Texas State prisoner, is serving a life sentence as a recidivist. The sentence was imposed upon a third conviction of burglary. He contended in a petition for writ of habeas corpus that he was denied the assistance of counsel in taking an appeal from the state court conviction. The District Court agreed and granted the writ conditioned on an out of time appeal. See the following cases providing for out of time appeals: Schwander v. United States, 5 Cir., 1967, 386 F.2d 20; Lyles v. United States, 5 Cir., 1965, 346 F.2d 789; Brewen v. United States, 5 Cir., 1967, 375 F.2d 285; Bray v. United States, 5 Cir., 1966, 370 F.2d 44; Camp v. United States, 5 Cir., 1965, 352 F.2d 800.

Dr. Beto appeals on the ground that the facts of record did not warrant the finding by the court that Martin was denied counsel in connection with his appeal. We affirm.

Martin was represented by retained counsel in his state court trial. His retained counsel represented him through sentencing and for the purpose of filing an unsuccessful motion for new trial. He was then discharged by Martin and the state trial judge, knowing that Martin desired to appeal, advised him of his right to appointed counsel on appeal in the event he were indigent. Martin replied that he would employ counsel or handle his own appeal without counsel. Martin was sentenced in September 1965 and in November 1965 he advised the Texas Court of Criminal Appeals by letter as follows:

"Being financially unable to obtain the services of a lawyer, I personally am giving the facts in this case to the best of my ability."

Martin filed no pauper's oath as required by Texas law and consequently no transcript of the trial proceedings was made available to the appellate court. In January 1966 he acknowledged receipt of the notice of submission date from the Court of Criminal Appeals but made no request for counsel. His conviction was affirmed.

On the habeas hearing Martin testified that he requested the county attorney of the county in which he was sentenced, while being retained in the county jail there pending appeal, to notify the trial judge that he desired counsel to assist him in his appeal. He also testified that he asked the deputy sheriff to notify the trial judge that he desired counsel. The county attorney testified that Martin made no such request of him. The deputy sheriff was not called as a witness. The record also shows that Martin testified that he made these requests of the county attorney and the deputy sheriff after his sister and mother-in-law had failed to obtain counsel for him due to impecunious circumstances. Militating against Martin, and a point on which Dr. Beto relies, is the fact that Martin never communicated his desire to appeal to the trial judge in writing although

he had no difficulty in writing to the Court of Criminal Appeals. Dr. Beto argues also that Martin never specifically advised the Court of Criminal Appeals that he desired the assistance of counsel. It is also argued that there is insufficient proof of indigency.

 The rule is now established in this circuit that there are two prerequisites in showing denial of counsel for the purposes of an appeal. First, it must be known to the court that the criminal defendant is indigent. Second, it must be known to the court that the defendant wishes to appeal. See Harris v. United States, 5 Cir., 1968, 389 F.2d 727; Baker v. Wainwright, 5 Cir., 1968, 391 F.2d 248; Edge v. Wainwright, 5 Cir., 1965, 347 F.2d 190; Pate v. Holman, 5 Cir., 1965, 341 F.2d 764.

Here it appears that Martin, at the time he was sentenced, waived his right to the assistance of counsel on appeal. His appeal commenced. It is, of course, undisputed that the Court of Criminal Appeals knew of his desire to appeal. He was in the process of appealing. We think the letter communication of November 1965, supra, to the Court of Criminal Appeals was a sufficient showing of indigency and that the court therefore had notice of his indigency.

The question remains whether he withdrew the waiver of counsel made in the trial court. The judgment of the District Court was based on the November letter to the Court of Criminal Appeals coupled with Martin's testimony, credited by the court, that he requested that the county attorney and the deputy sheriff advise the state trial court that he wished the assistance of counsel. We conclude that the prerequisites of knowledge on the part of the state of the indigency of the criminal defendant and of his desire to appeal were established. We conclude also that the withdrawal of the waiver was established. It follows that the District Court did not err in granting the writ conditioned

on the state affording Martin an out of time appeal.

Affirmed.

## ON PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25(a), subpar. (b), the Petition for Rehearing En Banc is denied.

There is no merit in appellant's contention, made for the first time on petition for rehearing, that Martin should be required to exhaust the postconviction remedy available under Art. 11.07 of the Vernon's Ann.Texas Code of Criminal Procedure. The record here is complete; there was a full evidentiary hearing in the District Court; no further hearing is indicated on remand as to the issue presented. Cf. Hill v. Beto, 5 Cir., 1968, 390 F.2d 640.