**Jessey Kenneth McKINNEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25677.**

United States Court of Appeals
Fifth Circuit.

Nov. 5, 1968.

Bruce R. Jacob, Thomas E. Baynes, Jr., Atlanta, Ga., for appellant.

Jacob Bumstead, Charles K. Ruth, Asst. U. S. Attys., Beaumont, Tex., Wm. Wayne Justice, U. S. Atty., Eastern Dist. of Texas, Tyler, Tex., Richard Brooks Hardee, U. S. Atty., Eastern Dist. of Texas, Tyler, Tex., for appellee.

Before BELL and MORGAN, Circuit Judges, and GUINN, District Judge.

GRIFFIN B. BELL, Circuit Judge:

This appeal arises from a denial of a motion under 28 U.S.C.A. § 2255 to vacate a sentence of 20 years received upon conviction of 18 U.S.C.A. § 2113(a): unlawfully entering a bank with intent to commit larceny. In his motion, filed on September 12, 1967, and denied without an evidentiary hearing on October 10, 1967, appellant asserted matters going to the validity of his trial as well as a claim that he was denied the right to appeal. Only the latter question is presented to us.

The record discloses that appellant was convicted by a jury on July 5, 1966. He was sentenced on that same day and at sentencing said, "I would like to appeal my case." On July 8, 1966, appellant's court-appointed counsel filed a motion for a new trial. On July 12, 1966, appellant escaped from federal confinement in a Texas state jail and was apprehended the next day in Tennessee. He remained in Tennessee in either federal or state custody until August 12, 1966, when he was delivered to the United States Penitentiary at Leavenworth, Kansas. There is some suggestion that he was held in Tennessee pending disposition of charges brought against him there. The District Court, on July 26, 1966, denied appellant's motion for a new trial.

After this ruling, the court-appointed attorney made no further efforts on appellant's behalf. The attorney explained in a letter contained in the government's brief before us:

"I did not hear anything further from Jessie Kenneth McKinney concerning appeal of his case. As a matter of fact, I did not know the location of Mr. McKinney as he had escaped from the Harrison County Jail while his motion for new trial was pending. The only information that I had concerning McKinney at all was the fact that he had escaped from jail and had been picked up during the latter part of July or early August of 1966. He made no effort to communicate to me that he wanted his case appealed, nor did he have anyone communicate with me that he wanted to go further with appeal of his case."

On the other hand, new counsel now representing appellant states in his brief that former counsel advised him over the telephone that no appeal was taken because appellant had escaped and was not available for an interview. He also stated, according to new counsel, that no appeal was taken for the further reason that he was under the impression that an escapee lost his right to appeal if the escape was within the time for taking an appeal. Cf. Vernon's Ann.C.C.P. Art. 44.09.

The questions presented are (1) whether appellant lost his right to appeal by virtue of the escape, or (2), by abandoning the appeal. We answer the

first question in the negative. In the unsettled condition of the record, the second question cannot be fairly answered and remand is indicated.

 It is settled that an appeal from a judgment of a federal district court is a matter of right. Coppedge v. United States, 1962, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21; Brewen v. United States, 5 Cir., 1967, 375 F.2d 285. Moreover there is some authority for the proposition that federal appeals should not ordinarily be dismissed even where the appellant flees the jurisdiction. Eisler v. United States, 1949, 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897, (appellant fled United States); Smith v. United States, 1876, 94 U.S. 97, 24 L.Ed. 32 (appellant escaped); Bonahan v. State of Nebraska, 1887, 125 U.S. 692, 8 S.Ct. 1390, 31 L.Ed. 854, (appellant escaped); United States v. Dawson, 6 Cir., 1965, 350 F.2d 396, (appellant fled the jurisdiction, forfeiting bond).

By way of analogy we think the teaching of these cases is that the right of appeal should not be considered as having been waived or abandoned except where it is clearly established that such is the case. Cf. the question of waiver, Johnson v. Zerbst, 1938, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461, 1466, 146 A.L.R. 357 and Brookhart v. Janis, 1966, 384 U.S. 1, 4, 86 S.Ct. 1245, 16 L.Ed.2d 314, 317. The sparse record now before us will not sustain a holding that appellant abandoned his appeal.

We think the record does furnish a basis for requiring an evidentiary hearing on the contention that appellant was denied the right to appeal. It is a fact that no appeal was taken and the question will narrow to one of waiver or abandonment. Should it appear that there was no waiver or abandonment, appellant will be entitled to an out of time appeal, now an accepted procedure in this circuit. See Lyles v. United States, 5 Cir., 1965, 346 F.2d 789; Camp v. United States, 5 Cir., 1965, 352 F.2d 800; Bray v. United States, 5 Cir., 1966, 370 F.2d 44; Brewen v. United States, supra; Schwan-

der v. United States, 5 Cir., 1967, 386 F.2d 20. On comparable relief in the cases of state prisoners, see LeMaster v. Beto, 5 Cir., 1967, 387 F.2d 612; Beto v. Martin, 5 Cir., 1968, 396 F.2d 432.

Reversed and remanded for further proceedings not inconsistent herewith.