Raymond **ARRASTIA**, Petitioner-Appellant,

v.

**UNITED STATES of America**, Respondent-Appellee.

No. 30600.

United States Court of Appeals, Fifth Circuit.

Feb. 16, 1972.

William H. Traylor, Director, Legal Assistance for Inmates Program, Emory University School of Law, Thomas E. Baynes, Jr., Asst. Professor of Law, Georgia State Univ., Atlanta, Ga., James C. Bonner, Jr., Emory Legal Assistance for Inmates Program, Decatur, Ga., for petitioner-appellant.

Robert W. Rust, U. S. Atty., Richard A. Hauser, Charles O. Farrar, Asst. U. S. Attys., Miami, Fla., for respondent-appellee.

Before TUTTLE, WISDOM and IN-GRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

## STATEMENT OF THE FACTS

Appellant, represented by privately retained counsel, entered pleas of not guilty to three separate counts of an indictment which charged in two counts violations of 26 U.S.C. § 4704(a) and in the third count a violation of 26 U.S.C. § 4705(a).

After trial by the court, he was found guilty and sentenced to two years under Count Two and five years under Count Three to run concurrently. Count One of the indictment was dismissed on motion of the United States Attorney.

In January, 1970, Appellant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 on the grounds that when he questioned his attorney about the possibility of appeal, his counsel misinformed him by advising him that he would probably be eligible for parole by the time an appeal could be perfected. In fact, 26 U.S.C. § 7237(d) prohibited parole for a conviction of 26 U.S.C. §§ 4704 and 4705.

Appellant here alleges that he relied on this erroneous advice and encouragement of counsel and that he therefore signed a written waiver of his right to appeal. Appellant additionally alleges that had he known that he would not be eligible for parole he would not have signed such a waiver, but would have accepted appointed counsel on appeal. (Appellant alleges that his funds became exhausted before he began service of sentence.)

On June 23, 1970, an order denying the appellant motion for § 2255 relief was entered. Notice of appeal was filed and this appeal followed.

## DISCUSSION

Appellant's arguments on appeal are twofold. First he argues that the trial court erred when, while informing him of his rights to appeal and assistance of counsel on appeal, it failed to advise him that his conviction of an offense under 26 U.S.C. § 4705(a)[1] precluded parole; and, second, that his retained attorney was ineffective because of the erroneous advice rendered. Appellant in the court below requested that sentence be reimposed so that he might take a direct appeal out of time. The dis-

---

[1]. As noted, an offense under 26 U.S.C. § 4705(a) is not parolable due to the operation of 26 U.S.C. § 7237(b). Both of these provisions have since been repealed and superseded by the Controlled Substances Act of 1970, Pub.L. 91–513, Tit. II, Sec. 101, et seq., Oct. 27, 1970, 84 Stat. 1242, 21 U.S.C.A. § 801 et seq.

trict court declined to resentence Appellant.

In dismissing Appellant's argument for advice of parole ineligibility at allocution of sentence, the district court relied upon this circuit's decision in Trujillo v. United States, 377 F.2d 266 (5th Cir., 1967), cert. den. 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221. In *Trujillo* the issue raised was whether a defendant in a criminal case must be apprised of the parole ineligibility of an offense before his plea of guilty may be accepted by the court consistent with F.R.Crim.P Rule 11. The court, choosing between the positions articulated by the District of Columbia Circuit [1A] and the Ninth Circuit,[2] answered the issue in the negative and adopted the District of Columbia view. Since this circuit's opinion in *Trujillo*, five circuits in addition to the Ninth have expressly rejected its view,[3] as does the proposed revision to F.R.Crim.P. Rule 11.

In Sanchez v. United States, 417 F. 2d 494 (5th Cir., 1969), this circuit again considered the issue, but felt itself bound to follow *Trujillo*. The panel, however, noted:

"Were the question of parole ineligibility before this Court for the first time, the considerable appeal of these recent decisions might persuade us to a like position. However, in Trujillo v. United States, *supra,* and by implication in Dorrough v. United States, 5 Cir. 1967, 385 F.2d 887, 897, cert. denied, 1969, 394 U.S. 1019, 89 S.Ct. 1637, 23 L.Ed.2d 44, this Court rejected the argument that parole ineligibility is a consequence of a guilty plea within the meaning of Rule 11. We are bound by that result. We therefore conclude, as we did in *Tru-*

*jillo,* that the trial judge was not required to inform defendant of his ineligibility for parole."

The matter then rested until this circuit considered it again in Spradley v. United States, 421 F.2d 1043 (5th Cir., 1970). While that decision distinguished *Trujillo* and went off on the grounds that the trial court itself had misinformed Spradley of his parole eligibility as it accepted his plea, the court limited *Trujillo* to its facts, stating:

"We conclude that the rule announced by this court in *Trujillo* ought not to be extended beyond the bare facts of that case. We feel that the facts here present, in light of the inadvertent misinformation given by the trial court, require a different result because, being given at the last moment at which Spradley could have requested a withdrawal of his guilty plea in order to stand trial he and his wife were both told that if he kept his record good he could hope to be back with his family within less than two years.

"We conclude that this error was prejudicial enough to require a reversal of the conviction of sentence to permit the appellant to determine whether he wishes to stand trial on the original charge or, once again, to plead guilty, after knowing, as he now must, full well, the full consequences flowing from a plea of guilty under the narcotics statutes."

The case at bar is not, as was *Trujillo,* one in which an accused has entered a plea of guilty and then seeks to have it set aside on appeal. Arrastia has had his day in court and was convicted after a trial to the court sitting without a jury. The considerations un-

---

1A.  Smith v. United States, 116 U.S.App. D.C. 404, 324 F.2d 436 (1963), cert. den. 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975.

2.  Munich v. United States, 337 F.2d 356 (9th Cir., 1964).

3.  Durant v. United States, 410 F.2d 689 (1st Cir., 1969) ; Bye v. United States, 435 F.2d 177 (2nd Cir. 1970) ; Bailey v. MacDougall, 392 F.2d 155 (4th Cir., 1968), cert. den. 393 U.S. 847, 89 S.Ct. 133. 21 L.Ed.2d 118 ; Harris v. United States, 426 F.2d 99 (6th Cir., 1970) ; Jenkins v. United States, 420 F.2d 433 (10th Cir., 1970).

derlying the F.R.Crim.P. Rule 11 requirements on acceptance of a guilty plea are quite different from the considerations underlying a defendant's decision of whether or not to take a direct appeal from a judgment of conviction.

We begin with the fundamentals. A direct appeal from a United States District court to a court of appeals is in effect a matter of right. Coppedge v. United States, 369 U.S. 438, 441, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). It is a right which is fundamental to the concept of due process of law. Nance v. United States, 422 F.2d 590 (7th Cir., 1970); Brewen v. United States, 375 F. 2d 285 (5th Cir., 1967). A decision to waive the direct appeal must, therefore, be an informed one. This consideration has found further expression in the 1966 amendment to F.R.Crim.P. Rule 32, which now requires that after trial the sentencing court apprise a defendant of his right to an appeal, and to an appeal *in forma pauperis*. Compare United States ex rel. O'Brien v. Maroney, 423 F.2d 865 (3rd Cir., 1970); United States ex rel. Smith v. McMann, 417 F. 2d 648 (2nd Cir., 1969), en banc.

As we said in McKinney v. United States, 403 F.2d 57 (5th Cir., 1968):

"By way of analogy we think * * * that the right of appeal should not be considered as having been waived or abandoned except where it is clearly established that such is the case. Cf. the question of waiver, Johnson v. Zerbst, 1938, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461, 1466, 146 A.L.R. 357 and Brookhart v. Janis, 1966, 384 U.S. 1, 4, 86 S.Ct. 1245, 16 L.Ed.2d 314, 317. The sparse record now before us will not sustain a holding that appellant abandoned his appeal."

In our view, therefore, it would be the better practice to advise a defendant after his trial and conviction of any parole ineligibility attendant to the offense of which he has been convicted. We feel this to be especially true where, as here, appellant has made an attempt to waive his right to a direct appeal.

In Arrastia's case, we need not rest our decision on this salutary measure which we commend to the district courts. Rather we find sufficient merit in appellant's second argument—ineffective assistance of retained counsel—to remand for an evidentiary determination. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1969); Moore v. United States, 334 F. 2d 25 (5th Cir., 1964).

Appellant alleged in his petition that he had thrice consulted with his retained counsel and each time had been advised by counsel that he would be out on parole by the time an appeal to the court of appeals could be perfected. The district court rejected this line of attack, stating:

"Petitioner's second claim must fail also. Mr. Arrastia states that he discussed the merits of taking an appeal with counsel on three separate occasions, and each time he was told that an appeal would be fruitless. Essentially what petitioner alleges is that he was misled by the good faith errors allegedly made by his privately retained counsel. This has been consistently held insufficient to justify granting a motion to vacate sentence. Rosenbaum v. United States, 413 F.2d 298 (5th Cir. 1969); Moore v. United States, 334 F.2d 25 (5th Cir. 1964); Popeko v. United States, 294 F.2d 168 (5th Cir. 1961); cf. Randazzo v. United States, 339 F.2d 79 (5th Cir. 1964).

"It is also the opinion of this Court that the alleged errors made by counsel are insufficient to raise the Constitutional question of effectiveness of counsel. In view of the fact that petitioner and counsel discussed the merits of appeal on three occasions, it can not be said that errors as to the availability of parole and the cost of appeal, even if proven to be true, are sufficient to render the proceedings a farce or a mockery of justice."

From the proceeding it appears that the district court made two basic assumptions in denying Arrastia's claim on these grounds. First, the court must have concluded that Arrastia's allegations, even if proven, would amount to the good faith errors of privately retained counsel which were insufficient to justify the granting of relief under § 2255. Secondly, the court must have concluded that, even if proven, Arrastia's allegations did not arise to a denial of due process of law through the ineffective assistance of counsel.

■ That the errors of retained counsel, even if made in good faith, can result in a denial of due process of law has been well established. MacKenna v. Ellis, 280 F.2d 592 (5th Cir., 1960), and its progeny;[4] Gregory v. United States, 446 F.2d 498 (5th Cir. 1971).

■ It is in this circuit equally well established that retained counsel's failure to file notice of appeal when requested may rise to the level of ineffective assistance of counsel. Bray v. United States, 370 F.2d 44 (5th Cir., 1966); Camp v. United States, 352 F.2d 800 (5th Cir., 1965); Kennedy v. United States, 259 F.2d 883 (5th Cir., 1958). When the facts of record demonstrate that retained counsel fail to file notice of appeal due to his "implied misstatement of the existing facts or the failure to state the true facts when such statement is legally required, to the detriment of the one relying upon such conduct . . .,"[5] the attorney's ineffective and misleading representation rises to the level where it has been characterized as a "fraud or deceit." Atilus v. United States, supra; Bray v. United States, supra. The Fifth Circuit in those cases has held that appellant was denied the effective assistance of counsel on appeal, and further has permitted an appeal to be taken out of time. Atilus, supra. Accord, Kent v. United States, 423 F.2d 1050 (5th Cir., 1970); Beto v. Martin, 396 F.2d 432 (5th Cir., 1968); LeMaster v. Beto, 387 F.2d 612 (5th Cir., 1967); Schwander v. United States, 386 F.2d 20 (5th Cir., 1967); Brewen v. United States, 375 F.2d 285 (5th Cir., 1967); Bray v. United States, supra; Camp v. United States, 352 F.2d 800 (5th Cir., 1965); Lyles v. United States, 346 F.2d 789 (5th Cir., 1965). Although dealing specifically with retained counsel Atilus has been applied when considering the sufficiency of representation by appointed counsel. In Kent v. United States, supra, the court stated:

"In Atilus this Court allowed an out-of-time appeal because defendant's attorney did not appeal when he was requested to do so. The situation, as alleged by Petitioner, is the same in this case.

"If the request was made and not carried out, for whatever reason—breakdown in communication, inadvertence, etc.—Petitioner was denied effective assistance and is entitled to an out-of-time appeal."

If Arrastia can prove that which he has alleged, that is that his retained counsel deprived him of his right to appeal by incorrect and misleading advice, then he too must be granted relief. Cf. Powers v. United States, 446 F.2d 22 (5th Cir., 1971). We, therefore, express no opinion as to the manner by which the district court determines the truth of these allegations—whether it be by Arrastia's own testimony or affidavit, interrogatories or other appropriate means—is left to the sound discretion of the trial judge. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L. Ed.2d 473 (1962); Kent v. United States, supra.

Reversed and remanded with directions.

4. See Williams v. United States, 443 F.2d 1151 (5th Cir., 1971) collecting cases.

5. Atilus v. United States, 406 F.2d 694, 698 (5th Cir., 1969).