JOE DAVID CHILDRESS V. STATE.

No. 29,475. March 5, 1958.
Appellant's Motion for Rehearing Overruled
April 16, 1958.

*Woody & Showers,* by *Clyde W. Woody,* Houston, for appellant.

*Dan Walton,* District Attorney, *Jon N. Hughes* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is burglary; the punishment, enhanced by two previous convictions for felonies less than capital, life.

There are no formal bills of exception and no exception reserved to the overruling of objections to the charge.

No motion for new trial was filed and the exception to the overruling of appellant's second motion for continuance does not show error.

The state proved the prior convictions as alleged and appellant admitted these and other felony convictions.

The state's evidence further showed that a Houston drug store was burglarized on the night of September 28, 1956, and a small safe containing narcotics, cash and some books, was taken, some of the contents of which were found in a flower box at the Grant Motel, wrapped in wet newspaper.

A portion of a statement signed by appellant at Brenham, Texas was admitted over objection. Omitting the warning, it reads:

"My name is Joe David Childress. I am 28 years old and live at Tourist Trailer Park in the 1100 block of W. 18th Street, Houston, Texas. On the morning of September 29th, 1956, me and three friends who I do not wish to name were at one of these friends house and we all were needing some narcotics and we got to talking and all decided to drive around and see if we could find a drug store that we could break into and steal

the narcotics. We left this house in two cars, two of us riding in each car. We drove past the drug store at 1700 block of Mc-Kinney Street, this is a Mading's Drug Store and saw that it didn't have a burglar alarm on it. We stopped both cars around the corner from this drug store and all of us got into one car leaving the second car parked on the side street. We drove back to the front door of this Drug Store and let two of my friends out of the car. My other friend then took me back to get the parked car and I drove it and we kept circling the block in both cars. I didn't see the two friends at the time they broke into this store, but the glass was broke out of the front door. In about ten minutes the two friends who had entered this drug store came back out and had a small safe with them, they put the safe into the car that the other boy was driving and one of them got into this car and the other boy came and got into the car I was driving. We were to follow the first car but lost them somewhere in the south end of town so we drove back to my friends house and waited. About 30 minutes after me and one of my friends got to the house the other two friends came back to the house. They told us that they had stashed the safe out in the country, so we got a crow bar and sledge hammer, and followed the second car back to where the safe was hid. All of us worked on the box to open it. We got the narcotics from this safe and also about hundred dollars mostly in change. Later we rented a cabin at the Grant Motel on S. Main Street and went to bed.

"I went to the 10th grade in High School at Jefferson Davis High School. I can read and write the English Language. I have read the above and it is true and correct.

"SIGNED Joe D. Childress."

At appellant's request the jury was retired and evidence was presented before the court on the issue of the admissibility of the confession. The court, having heard the evidence offered by the state and by the defendant, including his own testimony, overruled the objection and the confession was read to the jury.

Appellant again attacked the admissibility of the confession by testimony before the jury, and the State offered evidence on the issue. The charge to the jury submitted the issue of fact raised by such evidence, said issue being whether the confession was voluntarily made and was signed after proper warning and with knowledge of its contents. The jury was instructed not to consider the confession if they believed or had a reasonable

doubt that it was made through fear or as a result of appellant being struck or beaten, or of other violence by any officer, or because of any threats of violence or of coercion.

The question for our determination is whether or not the confession was inadmissible as a matter of law.

The jury was warranted in finding from the evidence the following facts:

The burglary occurred on the night of September 28; in October appellant was questioned about it at the city jail and was released; on November 21 Houston Police Officers Carnes and Miller stopped appellant in the tunnel in the basement of the courthouse and told him he was wanted in Brenham. Appellant demanded that they produce a warrant and Officer Carnes went to see and found that there was no warrant at the city jail. The officers came back, had coffee with appellant, and asked him what he was wanted for in Brenham. He said he didn't know, and the officers left.

Later the same day Police Officers Bond and Cook stopped appellant in front of his bondsman's office and said they had a pickup for him and took him to city jail, where he was told that he was to be turned over to some out of county officers who would take him to Brenham. He was relased twenty minutes later and told that his lawyer had called and they had no warrant.

On November 24, about 8 P.M., appellant and one Tommie Greer, with whom he was riding, were arrested by Captain A. C. Martindale and Lieutenant W. W. Stephenson, of the Houston Police Department, as they stopped at a stop sign in the city of Houston, and were taken to the Ranger Station on Airline Drive. The evidence tends to show that the Station was at the time outside the corporate limits of Houston.

At the station appellant was interrogated by a number of officers, including Ranger Captain Klevenhagen, to whom he admitted the burglary.

Captain Klevenhagen testified that appellant was arrested on a warrant out of Washington County and that Mr. Loesch, representing the sheriff of that county, and the sheriff of Wharton County were in the office. He testified that he believed there were also warrants for appellant out of Wharton County.

The interrogation by the various officers continued until about 4:30 A.M., when appellant and Greer were taken to Brenham by officers in separate cars.

Arnold Loesch, Deputy Sheriff of Washington County, testified that he brought a warrant for appellant issued out of the justice court in Washington County on a burglary charge and first saw appellant at Ranger Headquarters about 8 or 8:30 P.M. He testified that he arrived in Houston about 7 P.M.; had been in contact with the Houston Police Department, and gave the warrant to W. W. Stephenson and A. C. Martindale.

Deputy Loesch did not ride in the car with appellant but saw him again that morning and was present in the county attorney's office in Brenham when appellant made a statement to the county attorney, and was in and around the office when he made the statement here in question to Police Officer T. F. Clark about 10 A.M.

There is no merit in appellant's contention that the confession made while under arrest is inadmissible as a matter of law because the officers failed to take him before a magistrate. These facts alone did not require that the confession be excluded. Henson v. State, 159 Texas Cr. Rep. 647, 266 S.W. 2d 864; Goleman v. State, 157 Texas Cr. Rep. 534, 247 S.W. 2d 119; certiorari denied, 344 U. S. 847, 73 Sup. Ct. 60, 97 L. Ed. 659, rehearing denied, 344 U. S. 882, 73 Sup. Ct. 174, 97 L. Ed. 683.

The warrant was issued at Brenham and he was arrested in Houston about 8 o'clock Saturday night, and made the confession the following morning, which was Sunday.

Arts. 233 and 234 V.A.C.C.P. require that the arrested person be taken forthwith before a magistrate in the county where it was alleged the offense was committed. This was not an unreasonable delay. Gilbert v. State, 162 Texas Cr. Rep. 290, 284 S.W. 2d 906. See also Beeland v. State, 149 Texas Cr. Rep. 272, 193 S.W. 2d 687.

Appellant's testimony, if true, showed that the confession was extorted from him by violence inflicted upon him by Deputy Loesch and threats that further violence would be committed by Loesch, all of which was denied by the state's evidence consisting of testimony of Deputy Loesch and the officers who were shown to have participated in the questioning of appellant and

to have been present when the claimed mistreatment of appellant occurred.

The state also called two Federal officers (F.B.I. Agents) who had, on November 28th, investigated appellant's claim that violence had been inflicted upon him by Officer Loesch. These special agents testified that appellant said he had been struck twice in the side and once in the head, but they examined him and found no evidence that he had been beaten, such as bruises, cuts, scratches, or abrasions of any sort.

Appellant testified that he signed the statement because of threats by Houston Police Officer Stephenson, assault by Deputy Sheriff Loesch, and threats by Police Lieutenant Clark that he would be further mistreated by Deputy Loesch. This being denied by the state's testimony, appellant is relegated to his present contention that the confession is inadmissible as a matter of law because he was interrogated by a number of officers from 8 P.M. until 10 A.M., without food or sleep, before the confession was signed.

With this contention we cannot agree, and point to the following evidence heard by the court: Appellant was charged with or suspected of a number of crimes, including an offense in Washington County, the burglary in Harris County for which he has been found guilty, and from which he appeals, and offenses in Wharton County. Officers from the three counties, including Houston Police as well as State Rangers, were interrogating him about these and other crimes. He admitted orally to Captain Klevenhagen his guilt of the burglary here charged.

It is not shown at what time he made such oral confession, but in answer to question of appellant's counsel in the hearing before the court, Captain Klevenhagen testified that he did so confess to him, and the Captain did not go to Brenham.

Appellant testified before the court, in answer to questions propounded by his counsel, that he first saw Captain Klevenhagen about 10 P.M., at which time Klevenhagen began questioning him concerning some burglaries. He further testified: "Q. And what, if anything, did you tell him? A. Just that business about that Wharton proposition. I asked him to clear it up, to check on it, and he did.

"Q. And how long did this take? A. This took several hours, from then on."

The record shows, also, that a number of suspects were being interrogated at the same time at the Ranger Headquarters in Houston, one of whom was appellant's companion Tommie Greer. Appellant claimed in his testimony that Greer was abused, or that the sounds he heard from the room where Greer was made him so believe. The report regarding Greer was also investigated by the Federal Agents and was found to be untrue.

It would serve no useful purpose to further detail the disputed facts concerning the confession, which issues were evidently resolved against appellant.

Complaint is made that the court declined to admit testimony concerning appellant's claim of further mistreatment several days after the confession was made, some of which was developed on the hearing before the court as a bill of exception.

Had the court considered the testimony appellant was permitted to offer only on his bill of exception, the evidence would not have changed the fact that the confession was not inadmissible as a matter of law, and was properly admitted, the issue of its voluntary character being reserved for the jury.

We examine then only such evidence as was offered but not admitted before the jury.

Brenham Attorney, A. W. Hodde, Jr., who had been asked to see if three boys were in the sheriff's custody, was asked if he made inquiry concerning appellant on Sunday afternoon. The state's objection was sustained, the court ruling that acts which happen after the statement was made and completed were inadmissible.

Officer Loesch was asked if he was not extremely reluctant to allow appellant's attorney to see him "subsequent to that date," and the state's objection was sustained and the state's request that counsel be restricted to what occurred before the statement was made was granted.

Lieutenant Stephenson was asked on cross-examination whether he told appellant's mother that he didn't know where appellant was, and the court sustained the objection that the conversation was not admissible unless it was shown to have occurred before 10 or 11 o'clock A.M. on November 25.

Johnny Schulte, Deputy Sheriff of Washington County, who

testified on direct examination that he lunched with appellant at the noon hour on Sunday and paid for it, on cross-examination was asked if he had occasion to take appellant to the hospital a few days later, and the objection to anything which might have occurred after the time the statement was taken was sustained.

The testimony which these witnesses would have given, had the objection mentioned not been sustained, is shown only by the following:

Attorney Hodde would have testified that he called the jailer around 2:30 or 3 on Sunday afternoon to inquire about appellant and was told that he was not there.

Deputy Sheriff Loesch would have testified that he did not recall taking appellant to the emergency room and having his stomach pumped out on December 7.

Neither Lieutenant Stephenson nor Deputy Sheriff Schulte testified before the court in the jury's absence and the record is silent as to what their answers would have been.

It follows that the record does not reflect that the sustaining of the state's objections as to matters which occurred after the statement was made prejudiced appellant's rights. To so show it was incumbent upon appellant to show what the answers of the witnesses would have been had the objection not been sustained, and that the exclusion of such testimony was prejudicial.

In the condition of the record, we need not discuss the authorities cited in support of the contention that matters occurring after an arrest and a confession are admissible as tending to support the defendant's claim of mistreatment, denied by the officers.

The judgment is affirmed.

#### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

In our original opinion we did not discuss the requested charges which were refused. We shall do so now.

Appellant submitted two requested charges relating to ar-

rest without a warrant. No such issue is in the case. In the absence of the jury, on the question of the admissibility of the confession as a matter of law, appellant's counsel asked Officer Loesch if he then had the warrants for the appellant's arrest in his possession, and he answered that he did not. When Loesch later testified in the presence of the jury, he stated that he had turned the warrants for the arrest of the appellant over to Mr. Hughes, who was prosecuting the case, and Hughes tendered the same to appellant's counsel, who said he had no interest in the warrants and, in answer to a question from the court, objected to their introduction into evidence "because they are invalid on the face." The trial court sustained his objection to the introduction of the warrants but did not rule that they were invalid and left before the jury for their consideration the testimony of the officer that he was in fact armed with warrants for appellant's arrest issued by a magistrate of Washington County at the time he went to Houston to get the appellant. So, then, this is a case of arrest under a warrant.

He requested that the jury be instructed as follows:

"You are instructed that no evidence obtained by an officer or other person in violation of any provision of the constitution or laws of the United States or of this State shall be admitted in evidence against the accused on the trial of any criminal case."

In his charge, the court instructed the jury not to consider the confession unless they found it was freely and voluntarily made and not to consider it if they found that it was made as the result of the appellant being placed in fear or as the result of his being struck or beaten.

This was a proper submission under the record.

He next requested instructions which would have told the jury that it was unlawful for an officer having a prisoner in custody to physically mistreat him or prevent him from obtaining advice of counsel. The charges as submitted made no application to the facts of the case before the jury but were abstract statements of the law relating to other offenses not before the jury for consideration and told the jury no way in which such laws might have benefited the accused.

We find no error in their refusal.

Appellant urges that we reconsider our holding in Henson

v. State and Goleman v. State, supra, cited in our original opinion, and hold that the decisions of the Federal courts under Rule 5 (a) of the Federal Rules of Criminal Procedure are now applicable in state court cases because of the 1953 amendment to Article 727a, V.A.C.C.P. As we understand these holdings, they are to the effect that an "unnecessary delay" in taking an accused before a commissioner will render inadmissible a confession made by the prisoner during such detention. Rule 5 (a) itself is little different from our Articles 217, 234 and 235, V.A.C.C.P., in that both the rule and our statutes require that a person arrested either under a warrant or without one shall be carried before a magistrate. It has been the consistent holding of this court that the failure to take before a magistrate in itself alone will not render a confession of a prisoner inadmissible unless there is a showing there was a "casual connection" between the failure to take before a magistrate and the making of the confession. Dimery v. State, 156 Texas Cr. Rep. 197, 240 S.W. 2d 293. Writ of certiorari was denied in Henson after the effective date of the amendment of Article 727a, supra, as it was in Walker v. State, 162 Texas Cr. Rep. 408, 286 S.W. 2d 144, (see 76 Sup. Ct. 299).

His last contention requires further study. He says, and rightly so, that recently in Davis v. State, 165 Texas Cr. Rep. 456, 308 S.W. 2d 880, in applying the rule announced by the Supreme Court of the United States in Haley v. Ohio, 332 U. S. 596, 68 Sup. Ct. 302, 92 L. Ed. 224, this court considered the post-confession treatment of the accused in determining if the confession was inadmissible as a matter of law. He reasons from this that when the trial court ruled that the evidence set forth in our original opinion was inadmissible he automatically committed reversible error. With this we cannot agree. While it is true that the appellant did answer affirmatively a leading question by his own counsel to the effect that had he been able to talk to his lawyer he would not have signed the confession, we do find that when he was asked on cross-examination to state what caused him to confess he answered as follows:

"Well, it was a combination of three different factors there, Mr. Stephenson's, and the threat was carried out by Deputy Loesch and then I was threatened again by Lieutenant Clark, I don't know his initials."

Had the trial excluded any evidence of post-confession treatment relating to these three "factors," we would have been presented with a more serious question.

Remaining convinced that we properly disposed of this case originally, appellant's motion for rehearing is overruled.