## CHARLES IRA ABBOTT V. STATE

No. 32,990. February 22, 1961

Motion for Rehearing Overruled March 29, 1961

*C.C. Divine,* Houston 2, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., F. Lee Duggan, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is robbery; the punishment, enhanced by two prior convictions for felonies less than capital, life.

The evidence shows that Ciro Samperi was robbed of $900 in his grocery store after midnight, by a man whose face was covered by a silk stocking and who had a pistol pointed at Samperi.

Testifying at the trial Mr. Samperi identified appellant as the robber, as did Sam Caltagirone who had come across the street from his restaurant to visit Samperi, and James Dugar, an employee in the Samperi Grocery Store.

Appellant's confession was also introduced, in which he admitted the robbery. He testified, however, repudiating the confession, and said he signed it because he was in fear of his life; that he was sick, and the officers who had him in custody would not take him to the hospital until he did so.

The record shows that appellant was arrested at 10 P.M. and the statement was made at 10:50 P.M.

The testimony of the officers made an issue with appellant's on the voluntary character of the confession. Such issue was submitted to the jury in the court's charge, to which there were no objections.

The prior convictions alleged for enhancement of punishment were proved by records and finger print evidence, and were admitted by appellant in his testimony.

There are no formal bills of exception.

Appelant's brief complains of the denial of his application for continuance.

No exception was reserved to the court's ruling and no motion for new trial was filed. The claimed error in the court's ruling denying the motion for continuance is not before us for review.

The overruling of appellant's motion to quash the indictment is also not before us, no exception being reserved.

We have repeatedly held that the failure of the arresting officer to take the accused before a magistrate will not alone make a confession inadmissible. See Childress v. State, 166 Tex. Cr. Rep. 75, 312 S.W. 2d 247, and cases cited. We overrule the contention that appellant's confession was inadmissible as a matter of law.

According to appellant's brief, the first prior conviction alleged was in May 1953. The second was for an offense committed while he was on parole from this sentence. The contention is advanced that the first conviction was not final at said time.

The trial court properly overruled the contention that a conviction is not final until the sentence has been served.

The remaining claims of error have been considered and, under the facts, are not such as call for reversal.

The judgment is affirmed.