Joe David CHILDRESS, Petitioner,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.

Civ. A. No. 66–H–627.

United States District Court
S. D. Texas,
Houston Division.

Sept. 13, 1967.

Will Gray, Houston, for petitioner.

Thomas F. Keever, Asst. Atty. Gen., Austin, for respondent.

MEMORANDUM AND ORDER

NOEL, District Judge.

Petitioner, Joe David Childress, was convicted in 1957 of burglary with punishment enhanced to life pursuant to Article 63, Vernon's Ann.Texas Penal Code, upon proof of two previous convictions. His conviction was affirmed on appeal. Childress v. State, 166 Tex.Cr.R. 95, 312 S.W.2d 247. He applied for state habeas corpus relief in 1964. The Texas Court of Criminal Appeals ordered the judge of the Criminal District Court, Harris County, Texas, to hold a hearing to develop facts relative to the allegations contained in petitioner's application. The hearing was held and the state district court, as well as the Court of Criminal Appeals, denied relief.

In this court, petitioner claims relief on the following grounds:

(1) That his written confession used against him at his trial was coerced and obtained in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States;

(2) That the trial court, in admitting petitioner's confession into evidence, and the Court of Criminal Appeals, in affirming his conviction based upon his written

confession, failed to apply the standard demanded by the due process clause of the Fourteenth Amendment for determining the admissibility of a confession;

(3) That the trial court and the Court of Criminal Appeals, in holding that petitioner's confession was voluntarily made, failed to apply the standards demanded by the due process clause of the Fourteenth Amendment for determining the voluntariness of a confession; and

(4) That Petitioner was denied due process of law by the exclusion of evidence offered by the petitioner at the state evidentiary hearing on his application for habeas corpus relief.

■ During the state evidentiary hearing and at the original trial, the court excluded all evidence of events that took place after the signing of the confession. While this evidence might not be admissible under state standards of due process, it is admissible under federal standards of due process if it bears on the "totality of the circumstances," and here, federal constitutional standards of due process must be complied with.

■ Petitioner should have been able to introduce evidence of all the circumstances surrounding his arrest and detention. This may include evidence of what took place after the signing of the confession. See Haley v. State of Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1947). The very able state trial judge excluded such evidence at the habeas corpus hearing because of the narrow order issued to him by the Court of Criminal Appeals. But, nevertheless, this hearing was not the full, fair and reliable fact-finding hearing required by Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

■ The correct and desirable forum for fact-finding hearings of the type outlined in Townsend v. Sain, supra, is the state court where the petitioner was originally tried. Recognizing this, the State of Texas has recently amended its post conviction relief statute, Article

11.07 of the Vernon's Ann.Code of Criminal Procedure, effective August 28, 1967. It is now possible for a state prisoner to petition the state criminal district court directly for a fact-finding hearing on all his allegations for relief should such be necessary. I will, therefore, hold this application for habeas corpus relief in abeyance for a period of sixty (60) days to enable petitioner to apply to the state criminal district court for a full, fair and reliable hearing on his allegations.

At such hearing, if granted, the state trial judge will be unfettered from the previous narrow order of the Texas Court of Criminal Appeals. If the petitioner refiles his application in the state district court and that court does not act upon or refuses to consider the petition within sixty days after receiving it, I will reinstate this petition for further proceedings in this court. While I could grant an evidentiary hearing at this time, I deem it appropriate that the state district judge have the opportunity to hear the refiled petition and examine all the circumstances surrounding the arrest and detention of petitioner and rule in accordance with the standards imposed by the due process clause of the Fourteenth Amendment to the Federal Constitution as interpreted by the United States Supreme Court. Haley v. State of Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1947); Haynes v. State of Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963); Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1963); Ashcraft v. State of Tennessee, 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192 (1943); Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948 (1961); and Clewis v. State of Texas, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967). Such hearings should be initially held by the committing court if possible.

This court expresses no opinion at this time as to the merits of petitioner's claim for relief. This application will be held in abeyance for a period of sixty (60) days following the filing of petitioner's application for relief to the state dis-

trict court under amended Article 11.07 of the Texas Code of Criminal Procedure.

The Clerk will file this Memorandum and Order and provide counsel with true copies.