Clinton William **BAKER**, Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, Appellee.

No. 25278.

United States Court of Appeals
Fifth Circuit.

March 14, 1968.

---

Clinton William Baker, pro se.

George R. Georgieff, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before WISDOM, BELL and DYER, Circuit Judges.

PER CURIAM:

Appellant is a Florida convict who is presently serving a sentence for the offense of robbery. He sought habeas corpus relief in the district court on the ground that he was denied the right to

counsel on the appeal from this conviction. The court denied relief without a hearing:

The sole issue presented by this appeal is whether an evidentiary hearing should have been held on this petition based on appellant's allegations that appointed trial counsel refused to represent him on appeal, that he was not offered appellate counsel, that he did not waive this right and that he was thus deprived by the State of Florida of a meaningful appeal. Appellant alleges that he was convicted on January 21, 1965, and filed an affidavit of insolvency on or about April 28, 1965, and a pro se notice of appeal and assignment of errors on April 22, 1965. He alleges that the state court did not enter its order allowing him to appeal in forma pauperis until April 28, 1965, and at no time apprised him of his right to court-appointed counsel to prosecute that appeal.

In Entsminger v. Iowa, 1966, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501, the Supreme Court said:

As we have held again and again, an indigent defendant is entitled to the appointment of counsel to assist him on his first appeal, Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) and appointed counsel must function in the active role of an advocate, as opposed to that of *amicus curiae*, Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958).

In Swenson v. Bosler, 1966, 386 U.S. 258, 260, 87 S.Ct. 996, 18 L.Ed.2d 33, the Supreme Court held,

We think the documents contained in this transcript demonstrate that respondent did indicate to the Missouri courts his desire for counsel on appeal. But even if such a request had not been made, we do not think its absence would amount to a waiver of respondent's rights. It is now settled "that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request." Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 8 L.Ed.2d 70. *When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel.* (Emphasis supplied.)

The judgment of the district court is reversed and the cause is remanded for an evidentiary hearing on the questions of whether appellant's indigency and desire to appeal were made known to the trial court and whether he knowingly and intelligently waived his right to the appointment of appellate counsel on the appeal from this conviction.

Reversed and remanded.