**James TINDOL, Appellant,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 25361.**

United States Court of Appeals
Fifth Circuit.
April 12, 1968.

* Hon. Albert Lee Stephens, Jr., United States District Judge, Los Angeles, California, sitting by designation.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

GODBOLD, Circuit Judge.

Appellant was denied habeas corpus after an evidentiary hearing. We reverse.

Appellant was tried and convicted on a charge of murder with malice. He was represented at trial by court-appointed counsel. At the time of trial appellant had been in jail for a year. The verdict was rendered March 23, 1960. On April 22, 1960 his motion for a new trial was overruled, and on the same day counsel gave notice of appeal.

After the motion for a new trial was overruled and before appellant was returned to the penitentiary (on April 26), his counsel conferred with him and members of his family, telling them that in order to appeal appellant would need to provide $200 to $250 to pay the court reporter to prepare the Statement of Facts. Counsel told appellant he would appeal for him and did not indicate he would charge for the services. Counsel "came to the firm belief" that appellant could raise the required money and told appellant to see what he could do about raising it, then to get in touch with him again. Counsel heard nothing from appellant, did not get in touch with him or give him any further information, did not withdraw from the case with court approval, and was not relieved of his duties by any court order.

The transcript, without the Statement of Facts, was filed with the Texas Court of Criminal Appeals, and the judgment was affirmed. Tindol v. State, No. 34,497 (Tex.Ct.Crim.App., Apr. 4, 1962). No counsel appeared for appellant or filed a brief for him.

Harvey C. Hooser, Jr., Big Spring, Tex., for appellant.

Robert E. Owen, Lonny F. Zwiener, Asst. Attys. Gen., Austin, Tex., for appellee.

■■ An indigent is entitled to an appeal with a transcript of the proceedings. Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). At the time of appellant's

conviction Texas law provided that a Statement of Facts would be furnished to an indigent defendant.[1] Although appellant failed to file the required affidavit of inability to pay, there is no evidence that counsel informed him of his right to a state-supplied Statement of Facts. The record indicates no more than a discussion between appellant and his counsel which culminated in counsel's belief that his client could get up the money. These facts do not support a conclusion that the failure to request a Statement of Facts was due to petitioner's deliberate conduct or that there was a knowing waiver of his rights.

■ Nor is there evidence to support a conclusion that appellant waived his right to be represented by counsel on the appeal of his conviction, Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Baker v. Wainwright, 391 F.2d 248 (5th Cir., Mar. 14, 1968).

■ Our holding that appellant was deprived of his right to a Statement of Facts and to the assistance of counsel on appeal does not of itself require the Texas authorities to release him. Should Texas grant appellant a meaningful appeal the constitutional infirmity rendering his detention illegal would be cured. Accordingly the judgment of the district court is reversed and the case is remanded with directions that the district court enter such orders as are appropriate to allow the State a reasonable time in which to afford appellant a meaningful appeal or to grant him a new trial. Otherwise he must be discharged. Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951); United States ex rel. Weston v. Sigler, 308 F.2d 946 (5th Cir. 1962), cert. denied, 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143 (1963).

1. Vernon's Ann.Tex.Code Crim.Proc. art. 760 (1950).