SPECTOR, Judge.
This is an original petition for a writ of habeas corpus by which petitioner prays for reinstatement of his right to a direct appeal, or in the alternative, his release from custody.
Petitioner was charged with the crimes of kidnapping and felonious escape. After trial, the jury returned a verdict of guilty on the kidnapping charges, and petitioner then entered a guilty plea to the remaining charge of felonious escape. He was adjudged guilty on both counts and on February 21, 1967, sentenced to imprisonment for a term of five years on each count, said sentences to run consecutively. Throughout the above proceedings, petitioner was represented by the public defender.
It is alleged by the petitioner as grounds for the relief he seeks that fatal error was committed during the course of his trial on the kidnapping charges stemming from the manner in -yvhich deliberation upon the case was performed by the jury. We do not now rule upon petitioner’s contention in this regard. Petitioner further alleges that the public defender failed to prosecute an appeal or advise the petitioner of his right to appeal and, of course that his trial counsel did not act in his, the petitioner’s, best interest. It is further asserted that the trial court failed to advise the petitioner of his *291 right to appeal and of his right to have counsel appointed for the purpose of prosecuting an appeal in his behalf.
It is fundamental that a person who stands convicted of a crime has the right to appeal his case. Article V, Section 5(3), Florida Constitution, F.S.A. In Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the United States Supreme Court held that an indigent defendant is entitled to the appointment of counsel to assist him on his first direct appeal from a judgment of conviction. The State of Florida has followed the Douglas decision and does provide for appointed counsel as well as trial counsel for indigent cases—all at taxpayer expense. Chapter 27, Florida Statutes, F.S.A. In an unsigned opinion, the same United States Supreme Court held in Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1966), that the right to be furnished counsel does not depend on a request, citing Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed. 2d 70, and further that:
“ * * * When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant’s failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel.
Consistent with the foregoing principles set forth above is the decision by the Circuit Court of Appeals for the Fifth Circuit in the case of Baker v. Wainwright, 391 F.2d 248 (1968). In compliance with these principles, it now appears highly desirable, if not indispensable, that the record of the trial proceedings affirmatively reflects that at the time of sentencing the trial judge has fully advised the defendant as to his constitutional right to an appeal if such is desired; and, if indigent, counsel will be appointed by the court to represent him on appeal at state expense. This conforms with the requirements imposed upon the trial judge under recently adopted Rule 1.670, Rules of Criminal Procedure, adopted by the Supreme Court of Florida effective January 1, 1968, 33 F.S.A., and related federal cases.
Relying upon the above line of federal cases holding that a convicted felon has the right to appointed counsel to prosecute an appeal and that such defendant’s right to counsel is not dependent upon an express request for such appointment of counsel by him, petitioner urges that his right to an appeal has been curtailed by the State’s failure to affirmatively advise him of his right to appeal and to have counsel appointed for such purposes. Baker v. Wainwright, supra.
Perceiving the possibility of a collision between the facts alleged by petitioner in support of his contention that he had not been advised of his rights in the premises and that he had not intelligently or knowingly waived such rights and the principles enunciated by the above cited federal cases, we issued a rule to show cause to the respondent. The State’s response takes a somewhat different view of the facts than that reflected in the petition. The return has attached to it an affidavit of petitioner’s trial counsel in which said counsel states that during the course of preparing the defense to the kidnapping charge and subsequent thereto, the possibility of an appeal had been discussed by the petitioner and counsel, and further that counsel, apparently in his considered judgment, believed it to be foolish to appeal in view of the conviction on the escape charge. From defense counsel’s affidavit then, it appears clear to us that petitioner did know of his right to appeal and that such appeal had been discussed and considered by him and his defense attorney and a tactical judgment was made not to appeal.
In view of the State’s response to the rule to show cause, it is clear that there exist conflicting facts on the question of whether there was a willful and knowing waiver of his appeal rights by the petitioner. *292 Such conflicting facts should be determined upon an evidentiary hearing on this question.
Accordingly, we appoint Honorable William Frye, III, Circuit Judge, of the First Judicial Circuit of Florida, as Commissioner of this Court to take testimony upon the factual issues presented by the petition and return thereto and thereafter to make his report to this Court containing his findings and conclusions.
The Commissioner hereby appointed is expressly directed to take testimony on the question of whether petitioner and his counsel discussed the possibilities of a more severe penalty in the event of a retrial, should an appeal have been successful, since both charges of which appellant was convicted seem to carry a maximum penalty of ten years each rather than the five-year sentences actually imposed on each count. This, of course, together with all other factual matters which said Commissioner may deem relevant to the issues framed by the petition and return thereto.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.