Joe David CHILDRESS, Petitioner,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.

Civ. A. No. 66–H–627.

United States District Court
S. D. Texas,
Houston Division.

Jan. 13, 1970.

Will Gray, Houston, Tex., for petitioner.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Robert C. Flowers and Charles Parrett, Asst. Attys. Gen., Austin, Tex. and Thomas F. Keever, then Asst. Atty. Gen., Houston, Tex., for respondent.

## MEMORANDUM OPINION

NOEL, District Judge.

Petitioner, a prisoner in State custody, is confined pursuant to a conviction which he contends was obtained in violation of due process. Having failed to obtain relief in State courts, he now seeks a writ of habeas corpus here.

At petitioner's trial, a confession was admitted over his objection against him. His due process allegation rests on the assertions that his confession was coerced and obtained in violation of due process, and that the State courts used an improper standard in determining that it was voluntary and therefore admissible.

At trial and again in a post-conviction hearing held by the trial court at the direction of the Texas Court of Criminal Appeals, the trial court excluded all evidence offered by petitioner concerning events following the giving of the confession, as well as evidence that he was not informed of his right to counsel before confessing. Similarly, the trial judge sustained objections to all questions intended to elicit testimony concerning such events. It is of these evidentiary rulings, as well as the finding based upon the resulting allegedly deficient record, that petitioner complains.

In a Memorandum and Order dated September 13, 1967, this Court held that due process required a broader inquiry. D.C., 273 F.Supp. 401. Admissibility was to be determined with reference to the "totality of the circumstances" surrounding the taking of petitioner's statement. Blackburn v. Alabama, 361 U.S. 199, 206, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960). In accordance with the decisions in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), proceedings in this case were thereupon stayed to give petitioner an opportunity to seek a supplemental hearing in the State court and resolution of his contentions on a full record.

Petitioner's reapplication to the State trial court was denied without a hearing. This Court may now consider the merits of his due process claims.

When this cause was reinstated, the Court set an evidentiary hearing, but no live testimony was offered. Both petitioner and respondent elected to submit the case on the State court record (deleting a few short passages), the "findings of fact and law" rendered by the State judge following the post-conviction hearing, and a stipulation that the police officers, if present, would testify that petitioner was not warned of his right to remain silent or his right to counsel before he confessed.[1] This agreement was ratified by petitioner himself in open court.

---

1. The relevance of this stipulation to the issues now pending is not apparent. In his "findings of fact and law" rendered following the post-conviction hearing the State court found:

    2. At the time of the making of the statement, the Relator was a mature person, 28 years of age, with a 10th grade education, of sound mind, who had had considerable experience from prior encounters with law enforcement officers, and was well aware of all his legal rights as an accused.

Petitioner does not question the adequacy of the State hearing with reference to this fact issue. The State court's finding therefore is presumptively correct and must be adopted by this Court as its own in the absence of convincing evidence to the contrary, 28 U.S.C. § 2254(d) (Supp. IV, 1969), of which there is none. The failure of the State court to consider evidence of failure to warn or to instruct the jury to do so is thus harmless, if in fact it be error at all. Irving v. Breazeale, 400 F.2d 231, 235 (5th Cir. 1968).

Resolution of petitioner's claims thus must rest in this Court almost exclusively on the record developed at the State post-conviction hearing. But this hearing, held prior to the enactment of the liberalized Texas post-conviction provision, Vernon's Ann.Tex.Code Crim.P. art. 11.07 (Supp.1969), was not a usual, wide-open habeas corpus hearing. Held by order of the Court of Criminal Appeals for the limited purpose of permitting petitioner to develop the facts relative to two of his allegations—that he had been deprived of rights guaranteed by the Constitution as interpreted in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Jackson v. Denno, *supra*—the hearing was restricted in scope to those two specific issues. Moreover, the trial judge construed the appellate order as a mandate to restrict the record of the hearing to those two issues. He therefore refused to allow witnesses to answer objectionable questions even for the purpose of making bills of exceptions. The bills of exceptions thus add very little to the evidence actually admitted. This is important in light of petitioner's tactical decision to rely almost solely on the record of the hearing to prove his contention that the state judge failed to consider all of the relevant evidence in making his determination of voluntariness.[2]

■ In the 1967 Memorandum and Order this Court concluded that the hearing afforded petitioner by the State was not, as a matter of law, adequate under the standard required by due process. Accord, Townsend v. Sain, *supra*, 372 U.S. at 316, 83 S.Ct. 745. Such conclusion, however, does not by itself entitle petitioner to relief, for he must further show that the hearing he received was in fact inadequate to afford him a full and fair hearing, and that the determination reached by the State courts was in error. Respect for the proper functioning of a federal system in which State courts have a great responsibility for securing federally protected rights restrains this Court from intervening until petitioner shows that he was prejudiced by something which transpired at, or was inherent in, his State court proceedings. *See* Townsend v. Sain, *supra*; 1966 U.S.Code Cong. & Admin.News, pp. 3666–3667. Only those injured by inadequate state procedure may complain in

2. For example, Reggie C. Madeley, one of the others convicted of the same crime for which petitioner is now imprisonned, testified that on the morning petitioner confessed petitioner

> was suffering from withdrawal symptoms. He was pale and nervous and he was sweating, and he had some bruises—or what appeared to be bruises, to me—red marks on his face. His suit was soiled up, and it looked as if he had spilled something down the front of his suit, and you know, had just been wiped off, and his clothes were wrinkled * * *.

Attempting to develop this answer, petitioner's attorney asked:

> Will you tell how severe those symptoms were at that time? Did it appear to you, based upon your experience, that this man was just beginning to have these symptoms, or had they progressed to some stage?

The following then transpired:

> MR DALLY [Attorney for the State]: We object to that, Your Honor. We don't think he is qualified to testify to all of that. Perhaps he can

testify as to whether he was in the withdrawal stage, but as to how far the symptoms had progressed, and so forth, I believe that would require medical testimony.

> THE COURT: That is sustained.
> MR. GRAY [Attorney for petitioner]: Note our exception. May we have his answer for our Bill of Exception?
> MR. DALLY: We object, Your Honor.
> THE COURT: Sustained.
> MR. GRAY: Note our exception.

Petitioner's Exhibit 1–C, at 570, 571–72. Ignoring questions of credibility for the moment, it is apparent that this record is so sparse as to cast little helpful light on the ultimate issue here, which is whether petitioner's withdrawal symptoms were severe enough to affect his volition. By recalling the witness before this Court, petitioner could have developed his testimony further and afforded this Court the opportunity to observe his demeanor. Instead he has elected to stand on the record made in the State proceedings.

federal court. This is a harmless error question distinct from the one exemplified by Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ These burdens fall on petitioner because one seeking habeas corpus relief must establish his allegations by a preponderance of the evidence. Walker v. Beto, 387 F.2d 626 (5th Cir. 1967) (per curiam). Relief here must be denied as a result of petitioner's failure to sustain them.

Petitioner's physical, mental, and emotional state at the time he confessed was the subject of considerable testimony both at this trial and at the post-conviction hearing held pursuant to the order of the Court of Criminal Appeals. As is often the case, the testimony of petitioner and his witnesses on this ultimate issue was irreconcilably in conflict with that of the State's witnesses. While all witnesses agreed that certain objective events, such as petitioner's arrest, did in fact occur, the trial judge could not have admitted the confession without disbelieving much of what petitioner and his witnesses testified; and could not have refused to admit the confession without disbelieving much of what the State's witnesses testified. Determination of the ultimate issue—whether the statement was freely made by or coerced from petitioner—thus rested in the main on a choice of which testimony should be believed. This is true whether or not evidence of events occurring after petitioner confessed are taken into account.[3] Such evidence is relevant circumstantial evidence of the state of petitioner's

mind, but does nothing to eliminate the conflicts in the testimony admittedly resolved by the State judge adversely to petitioner at trial and later at the post-conviction hearing.

By overruling petitioner's objection at trial, the judge implicitly found petitioner and his witnesses less credible than the witnesses for the State. In his "findings of fact and law" rendered after the post-conviction hearing, the judge expressly reached the same conclusion:

6. All of the findings of the Court are based not only upon the testimony of the witnesses, but also upon the Court's personal observation and the demeanor and manner in which each of these witnesses testified.

Petitioner's claims in this habeas corpus proceeding amount to an assertion that the State trial judge would have found his testimony and that of his witnesses more credible than that of the State's witnesses had he considered the evidence proffered concerning events transpiring after petitioner gave his statement. On the record here, I am not persuaded to the contrary.

■ Petitioner's burden here, however, is to establish by a preponderance of the evidence that he has been wronged. This he has not done. Though not entitled to the 28 U.S.C. § 2254(d) (Supp. IV, 1969) presumption of correctness, the State court findings may not lightly be set aside. In this proceeding, by electing not to testify and call witnesses, petitioner has withheld from this Court the opportunity to

---

3. *Accord*, Childress v. State, 166 Tex.Cr. R. 95, 312 S.W.2d 247, 251 (1958). There, in affirming petitioner's conviction, the Court of Criminal Appeals said:

Had the [trial] court considered the testimony appellant was permitted to offer only on his bill of exception, the evidence would not have changed the fact that the confession was not inadmissible as a matter of law, and was properly admitted, the issue of its voluntary character being reserved for the jury.

While the Court of Criminal Appeals was not there discussing the question now be-

fore this Court, the quoted passage reflects that that court was aware of the need to resolve fact issues before determining the confession's voluntariness. Illustrative of the conflicts in testimony is the difference between Madeley's description quoted in note 2, *supra* and the testimony of Arnold Loesch, one of the police officers who questioned petitioner before he confessed, who described petitioner's symptoms as much less severe. Petitioner's Exhibit 1–B, at 274–75.

judge demeanor, a type of evidence held by the Supreme Court to be "a significant factor in adjudging credibility." Townsend v. Sain, *supra,* 372 U.S. at 322, 83 S.Ct. at 762. "And questions of credibility, of course, are basic to resolution of conflicts in testimony." *Id.; Accord,* Jackson v. Denno, *supra,* 378 U.S. at 390, 84 S.Ct. 1774; *cf.* Tyler v. Beto, 391 F.2d 993 (5th Cir. 1968).

Upon receipt of his application, this Court was opened to petitioner for the presentation of any evidence he might have chosen to offer relative to his claims. Respondent was required to produce petitioner at the hearing. 28 U.S.C. § 2243 (1964). Compulsory process was available to enable petitioner to call witnesses. F.R.Civ.P. 45(e); *see* Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969).

Were this Court powerless "to try issues of fact anew," Townsend v. Sain, *supra,* 372 U.S. at 309, 83 S.Ct. at 755 (footnote omitted), petitioner's claims might present a different problem. But this Court is not an appellate court unable to augment a record made elsewhere. It is obligated to "hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243 (1964); *see* Townsend v. Sain, *supra.*

■ Justice here requires that this Court not disturb the State court credibility choice unless persuaded that it is error. I cannot say that the State court factual determination and credibility choice is not fairly supported by the record in the State proceedings, considered as a whole. *Cf.* 28 U.S.C. § 2254(d) (Supp. IV, 1969). The evidence called to my attention by petitioner here does not resolve the conflicts in the testimony given earlier. Upon the record in this case, after careful consideration of the evidence weighed by the State trial court and the evidence in this record but held to be irrelevant in the State proceedings, mindful of the serious conflicts in testimony and of petitioner's failure to offer demeanor evi-

dence in this Court, I am not persuaded that the State court's resolution of petitioner's claims was wrong. His application for a writ of habeas corpus is denied.