Eugene BLACKMON,
Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas
Dept. of Corrections,
Respondent-Appellant.

No. 75–1918
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1975.

John L. Hill, Atty. Gen., John Pierce Griffin, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Eugene Blackmon, pro se.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Blackmon, a Texas state prisoner, is serving a 25 year sentence imposed for murder with malice aforethought. He brought this habeas corpus petition in the district court below alleging that he was denied effective assistance of counsel in his state court proceeding. He contends that his counsel failed to pursue a requested appeal and that his counsel failed to advise him of his right to appeal in forma pauperis. He seeks an out-of-time appeal in the state courts. He exhausted his state remedies. On the basis of Blackmon's allegations and supporting affidavits, the district court granted petitioner the relief sought, and entered an order providing that unless petitioner was granted an out of time appeal within the state system the writ would issue.

Estelle appeals and we vacate the district court's order and remand the case. Petitioner Blackmon's allegations and affidavit in the court below were contested in an affidavit submitted by Blackmon's former trial attorney wherein the lawyer states that he advised Blackmon of his right to appeal but that petitioner decided against an appeal on the grounds that he was "well pleased" with the verdict. In addition the lawyer's affidavit says:

His mother and his uncle were at the trial and I also recall mentioning

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.

Blackmon's words [that he did not wish to appeal] to them. I also recall telling him that there would be no cost involved in the appeal.

This Court has allowed an out-of-time appeal in cases where the defendant was not informed of his right to appeal in forma pauperis or where appointed counsel did not take a requested appeal. Tindol v. Beto, 5 Cir. 1968, 392 F.2d 582. But in the present case the affidavit of Blackmon's former lawyer contradicts that of petitioner on the issues of whether Blackmon was told that an appeal could be taken at no cost and whether Blackmon wished to take an appeal. In view of these contradictions we believe that an evidentiary hearing is warranted to see whether Blackmon made an intelligent waiver of his right to appeal. See F.R.Civ.P. 56(c).

The order appealed from is therefore vacated and the case remanded to the district court for an evidentiary hearing.

Vacated and remanded.